SUMMARY ORDER
Co-defendants Cheyenne Carter and Donald Saxon appeal the denial of their petitions, filed pursuant to 28 U.S.C. § 2254, to vacate their New York State convictions for the depraved-indifference murder of Luis Pagan. The district court granted petitioners certificates of appeala-bility on a single issue: whether the state secured their convictions in violation of due process by withholding exculpatory material. See Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). In resolving that issue, we assume the parties’ familiarity with the facts and procedural history of this case, which we reference only as necessary to explain our decision.
1. Standard of Review
We review the district court’s denial of a § 2254 petition de novo, see Dolphy v. Mantello, 552 F.3d 236, 238 (2d Cir.2009), according AEDPA deference to the state courts’ merits-based rejection of petitioners’ post-conviction Brady challenges, see 28 U.S.C. § 2254(d)-(e); Jimenez v. Walker, 458 F.3d 130, 145 (2d Cir.2006).
To succeed on a Brady claim, a petitioner must show that the state withheld exculpatory or impeaching evidence causing some prejudice to the defendant. See, e.g., United States v. Paulino, 445 F.3d 211, 224 (2d Cir.2006); see also Cone v. Bell, - U.S. -, 129 S.Ct. 1769, 1783, 173 L.Ed.2d 701 (2009) (discussing prejudice prong in terms of “materiality”: is there “a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different”).
2. Merits of Brady Claims
Petitioners fault the state for failing to produce: (1) two DD-5 reports referring to ballistics comparisons between shell casings recovered at the scene of the homicide and casings found at another homicide; and (2) the purportedly perjurious grand jury testimony of two witnesses who implicated Saxon in the murder of Jaime David.
a. DD-5 Reports
The state trial court rejected petitioners’ DD-5 argument on the prejudice prong of analysis. See People v. Carter, No. 3777/97, at 18 (N.Y.Sup.Ct. Jan. 6, 2006) (finding, after hearing, no “reasonable probability” that withheld material contrib *45 uted to jury’s verdict). Central to that determination was the court’s factual finding that the DD-5s mistakenly referenced Pagan because (1) no ballistics evidence was seized in the Pagan case; (2) the DD-5s, while referencing Pagan by name, listed the complaint number of a different homicide; and (3) the ballistics evidence referenced by the DD-5s did, in fact, relate to that different homicide. We presume the correctness of the state court’s factual findings, and petitioners have not carried their heavy burden to overcome this presumption. See 28 U.S.C. § 2254(e)(1).
Instead, petitioners contend that the state court somehow arrogated to itself a factual question about the homicide referenced by the DD-5s that should have been reserved for the jury. We are not persuaded. The critical question addressed by the state court was whether there was a “reasonable probability” that the state’s “failure to disclose [the DD-5’s] contributed to the jury’s verdict.” People v. Carter, No. 8777/97, at 18 (N.Y.Sup.Ct. Jan. 6, 2006). In light of the overwhelming evidence indicating that the DD-5 reports mistakenly referenced Pagan, the state court reasonably concluded that disclosure of the reports to the jury would not have resulted in a different outcome. In doing so, the state court correctly applied established federal law as stated by the Supreme Court. See Kyles v. Whitley, 514 U.S. 419, 433, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995) (explaining that constitutional error results from evidentiary suppression “if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different” (internal quotation marks omitted)); see generally 28 U.S.C. § 2254(d)(1). Accordingly, no habeas relief is warranted.
b. Grand Jury Testimony
The state court also rejected petitioners’ complaint about withheld grand jury testimony for lack of prejudice. The court reasoned that the undisclosed testimony was not material because its impeachment value was cumulative and the evidence of petitioners’ guilt was overwhelming. The court observed that petitioners’ defense counsel had meticulously and vigorously exposed motives for entering into cooperation agreements and their criminal pasts, which included multiple murders and drug trafficking. Moreover, the jury heard that both Marqueo Stroud and Arnold Rodriguez, the two witnesses whose grand jury testimony was withheld, were liars. One had a conviction for perjury; the other lied to federal authorities about his involvement in a murder in his first meeting to proffer cooperation. Further, the state court noted that the overwhelming evidence of defendants’ guilt included three other witnesses who testified that they personally observed petitioners beat Pagan, eventually causing his death.
While petitioners argue that the credibility of these other witnesses was undermined in various ways at trial, the record suggests that the trial jury based its verdict on their testimony, rather than on the testimony of Stroud and Rodriguez. Specifically, the grand jury testimony of Stroud and Rodriguez falsely implicated Saxon in the murder of Jaime David. The conviction challenged here arose out of the unrelated murder of Luis Pagan. Neither Stroud nor Rodriguez implicated Saxon in the Pagan homicide. Their testimony, as it related to him, was not significant. On the other hand, they directly implicated Carter. Nevertheless, the jury convicted Saxon based on the testimony of the three eyewitnesses who testified against both him and Carter. (A fourth eyewitness also identified Carter.) The fact that the jury *46 convicted Saxon, whom Stroud and Rodriguez did not implicate in the Pagan homicide, and against whom the evidence was otherwise identical to the evidence against Carter, provides additional support for the finding that the withheld grand jury minutes, which would have impeached Stroud and Rodriguez’s testimony at trial, did not prejudice petitioners.
Although petitioners disagree with the state court’s assessments, we identify no unreasonable determination of the facts nor unreasonable application of federal law. As this court has itself observed in reviewing Brady challenges to federal convictions, “[ujndisclosed impeachment evidence is not material in the Brady sense when, although ‘possibly useful to the defense,’ it is ‘not likely to have changed the verdict.’” United States v. Avellino, 136 F.3d 249, 257 (2d Cir.1998) (quoting Giglio v. United States, 405 U.S. 150, 154, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972)); see also United States v. Spinelli, 551 F.3d 159, 165 (2d Cir.2008) (deeming immaterial evidence of lies “additional” to one already revealed to jury); United States v. Amiel, 95 F.3d 135, 145 (2d Cir.1996) (rejecting Brady challenge where defense counsel already impeached witness with, inter alia, “lies ... previously told while under oath”); see generally 28 U.S.C. § 2254(d)(1)-(2).
For these reasons, the judgment of the district court is AFFIRMED.