09-4320-pr
*Bonner v. Ercole*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of October, two thousand and ten.

PRESENT:

GUIDO CALABRESI,
DEBRA ANN LIVINGSTON,
                 *Circuit Judges*,

PAUL A. CROTTY,
                 *District Judge.*[*]
_____

IVAN BONNER,

                 *Petitioner-Appellant*,

     v.                                  No. 09-4320-pr

ROBERT E. ERCOLE, Superintendent,

                 *Respondent-Appellee*.
_____

---

[*] The Honorable Paul A. Crotty, District Judge of the United States District Court for the Southern District of New York, sitting by designation.

MARJORIE M. SMITH, Piermont, New York, *for Petitioner-Appellant*.

ANDREW M. CUOMO, Attorney General of the State of New York; PAUL B. LYONS, Assistant Attorney General, New York, New York, *for Respondent-Appellee*.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, and DECREED that the judgment of the district court be AFFIRMED.

Petitioner-Appellant Ivan Bonner ("Bonner") appeals from a decision and order of the United States District Court for the Northern District of New York (Singleton, *J.*) denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. *Bonner v. Ercole*, No. 07-cv-00399, 2009 U.S. Dist. LEXIS 93098 (N.D.N.Y. Oct. 6, 2009). Bonner challenges his May 27, 2003 conviction in New York State, Albany County Court, convicting him, upon his guilty plea, of one count of Robbery in the Second Degree. The Appellate Division affirmed Bonner's conviction on September 22, 2005, while the New York Court of Appeals denied leave to appeal on January 20, 2006. *People v. Bonner*, 21 A.D.3d 1184 (N.Y. App. Div. 3d Dep't 2005), *leave denied*, 6 N.Y.3d 773 (2006). This Court granted a Certificate of Appealability on the issue of "whether appellant's due process rights were denied by the prosecutor's breach of a plea agreement and, if they were, what the appropriate remedy should be." We assume the parties' familiarity with the underlying facts and procedural history.

We review a district court's denial of a petition for habeas corpus *de novo*, and its factual findings for clear error. *Hemstreet v. Greiner*, 491 F.3d 84, 89 (2d Cir. 2007); *Anderson v. Miller*, 346 F.3d 315, 324 (2d Cir. 2003). The petitioner bears the burden of proving a violation of his constitutional rights by a preponderance of the evidence. *Hawkins v. Costello*, 460 F.3d 238, 246 (2d Cir. 2006). Because Bonner challenges a state court claim adjudicated on the merits, we apply the deferential standard of review codified in the Antiterrorism and Effective Death Penalty Act of

1996, 28 U.S.C. § 2254(d) ("AEDPA"). *Dolphy v. Mantello*, 552 F.3d 236, 238 (2d Cir. 2009). Under AEDPA, a federal court may grant a writ of habeas corpus to a state prisoner on a claim that was adjudicated on the merits in state court only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *Dolphy*, 552 F.3d at 238.

Bonner argues on appeal that: 1) the state prosecutor breached his plea agreement not to "seek" to call Bonner to testify at his co-defendant's trial; and 2) this breach was sufficient to warrant habeas relief. *See Santobello v. New York*, 404 U.S. 257, 262 (1971) ("[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled."). Although the district court agreed that the prosecutor had breached the plea agreement, it concluded that the breach was nonmaterial and thus did not warrant relief.

We, instead, do not believe that any plea agreement was actually breached. In this case, we do not have before us a written plea agreement or even a clear account of the agreement by the parties. What we have is a statement about the agreement by the trial judge. Read in the context of the judge's use of some of the same words shortly before that statement, we conclude that the arrangement agreed to was simply that Bonner not be made to testify. Since, as all agree, he was not, there was no breach. When one adds the fact that no action to withdraw the plea was taken for sixteen months and considers the ABA Standards for Criminal Justice, which suggest that such a motion should be "timely," Standard 14-2.1(b), we believe the district court correctly denied habeas.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3