10-461-pr
*Slavin v. Artus*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of March, two thousand eleven.

PRESENT:     JOHN M. WALKER, JR.,
             BARRINGTON D. PARKER,
             DEBRA ANN LIVINGSTON,
                         *Circuit Judges*.

CHRISTOPHER SLAVIN,
            *Petitioner-Appellant*,

-v.-                                    No. 10-461-pr

DALE ARTUS, the warden of the Clinton Correctional Facility located in Dannamora, New York,
            *Respondent-Appellee*.

ROBERT J. DEL COL, Smithtown, New York, *for Petitioner-Appellant*.

MICHAEL BLAKEY, Assistant District Attorney, *for* Thomas J. Spota, District Attorney of Suffolk Country, Riverhead, New York, *for Respondent-Appellee*.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Petitioner-Appellant Christopher Slavin appeals from a judgment of the United States District Court for the Eastern District of New York (Seybert, *J.*) denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Slavin contends that he is entitled to habeas corpus relief on the ground that the prosecution's use of his white supremacist tattoos to establish motive and intent violated his Fifth Amendment right against self-incrimination. In sum, Slavin argues that the prosecution's use of the tattoos was testimonial in nature, and he was, accordingly, compelled to be a witness against himself in violation of the Fifth Amendment. We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review a district court's denial of a petition for habeas corpus *de novo*, and its factual findings for clear error. *Hemstreet v. Greiner*, 491 F.3d 84, 89 (2d Cir. 2007). The habeas petitioner "bears the burden of proving by a preponderance of the evidence that his constitutional rights have been violated." *Jones v. Vacco*, 126 F.3d 408, 415 (2d Cir. 1997). Because Slavin's challenge to the state conviction was adjudicated on the merits in the state courts, we apply the "deferential standard of review" established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d). *Dolphy v. Mantello*, 552 F.3d 236, 238 (2d Cir. 2009). Under AEDPA, a federal court may grant a writ of habeas corpus to a state prisoner based on a claim that was adjudicated on its merits in state court only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see Dolphy*, 552 F.3d at 238.

The Fifth Amendment to the United States Constitution provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. The right against self-incrimination contained in the Fifth Amendment, however, bars only "compelled

2

incriminating communications . . . that are 'testimonial' in character." *United States v. Hubbell*, 530 U.S. 27, 34 (2000). "In other words, to qualify for Fifth Amendment protection, a communication must be (1) testimonial, (2) incriminating, and (3) compelled." *United States v. Greer*, — F.3d —, 2011 WL 338050, at *2 (2d Cir. Feb. 4, 2011). While the Fifth Amendment generally does not prohibit the compelled exhibition of physical characteristics by a criminal defendant where such exhibition is not testimonial in nature, *see, e.g.*, *Hubbell*, 530 U.S. at 35 (providing examples), the state here "relied on the tattoo[s] not as an 'identifying physical characteristic' but for the 'content of what [was] written.'" *Greer*, 2011 WL 338050, at *3 (quoting *Gilbert v. California*, 388 U.S. 263, 266-67 (1967)). Even assuming that the prosecution's use of the tattoo evidence was testimonial in nature, however, "[t]he tattoo[s] . . . w[ere] not compelled by the government." *Id.* at *4. We noted in *Greer* that even if officers were able to read the tattoos at issue "only by applying physical force[,] . . . it would . . . not amount to compulsion for Fifth Amendment purposes." *Id.* To the contrary, "[t]he voluntary tattooing of an incriminating word" to a defendant's body plainly is "not the product of government compulsion." *Id.* "In the absence of compulsion, [Slavin's] Fifth Amendment claim fails." *Id.* Accordingly, Slavin has fallen far short of demonstrating that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), as required to merit habeas relief.

We have considered all of Petitioner's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3