10-480-pr
King v. Greiner

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 23rd day of December, two thousand eleven.

Present:
>        ROBERT D. SACK,
>        ROBERT A. KATZMANN,
>        BARRINGTON D. PARKER,
>                *Circuit Judges*.

_____

BRUCE KING,

>                *Petitioner-Appellant*,

>        - v. -                              No. 10-480-pr

CHARLES R. GREINER, ATTORNEY GENERAL OF THE STATE OF NEW YORK,

>                *Respondents-Appellees*.

_____

For Petitioner-Appellant:      RANDA D. MAHER, Great Neck, N.Y.

For Respondent-Appellee:       ALYSON J. GILL, Assistant Attorney General, *of counsel* (Barbara D. Underwood, Solicitor General, Roseann B. MacKechnie, Deputy Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Cote, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioner-Appellant Bruce King appeals from a final judgment entered on July 13, 2009 by the United States District Court for the Southern District of New York (Cote, *J.*), following a July 8, 2009 Opinion and Order denying King's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court issued a certificate of appealability on King's claim that his trial counsel was ineffective in failing to object to certain comments made during the prosecutor's second summation. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

We review a district court's denial of a petition for a writ of habeas corpus *de novo*. *Hawkins v. Costello*, 460 F.3d 238, 242 (2d Cir. 2006). Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), when a federal claim has been adjudicated on the merits in state court, a federal court may overrule the state court only where its decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Clearly established Federal law in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [Supreme Court] decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). In order to prevail under the "unreasonable application" clause, petitioner must demonstrate that while the state court identified the correct governing legal principle from Supreme Court precedent, it "unreasonably

2

applie[d] that principle to the facts" of his case. *Id.* at 413. If the federal claim has not been adjudicated on the merits, then a *de novo* standard of review applies. *Dolphy v. Mantello*, 552 F.3d 236, 238 (2d Cir. 2009).

As an initial matter, the parties dispute whether AEDPA requires that we afford deference to the county court's decision denying King's motion to vacate the judgment of conviction pursuant to New York Criminal Procedure Law § 440.10. While it is true that the county court rejected King's ineffective assistance of counsel claim on the merits, it is not clear that deference is appropriate under AEDPA because King's ineffective assistance of counsel claim was at least partially predicated on claims that New York's highest court declined to reach on direct review. *People v. Anonymous*, 96 N.Y.2d 839, 840 (2001) (concluding that King's claims regarding the prosecutor's allegedly improper comments were not preserved for appellate review, but noting that it did "not condone" the prosecutor's summation). In *Cotto v. Herbert*, 331 F.3d 217 (2d Cir. 2003), we noted that we were "inclined to conclude that the Court of Appeals' holding that [petitioner's claim] was unpreserved mean[t] that the claim was not 'adjudicated on the merits' in the state courts," and thus that we should not defer to the lower court decisions addressing the merits of the claim. *Id.* at 231. Of course, in that case, we did not definitively resolve the issue as we proceeded to "assume without deciding that there was an 'adjudication on the merits' in the state courts," and held that the state court's merits adjudication failed even under AEDPA's deferential standard of review. *Id.* at 231, 252-53. In this case, we also need not reach whether AEDPA deference is warranted because we conclude that King's claim fails even under *de novo* review.

3

In order to prevail on an ineffective assistance of counsel claim, King (1) "must show that counsel's representation fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). In evaluating whether counsel's performance was deficient, "[t]he question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011). In evaluating whether the proceeding would have been different but for counsel's error, "[t]he likelihood of a different result must be substantial, not just conceivable." *Id.* at 791-92.

Without addressing whether counsel was deficient in failing to object to the prosecutor's second summation, we conclude that King cannot prevail on his ineffective assistance of counsel claim because he has not demonstrated a substantial likelihood that, but for counsel's allegedly deficient performance, the result of the proceeding would have been different. *See id.* As the district court observed in its thorough and well-reasoned opinion, the evidence against King was substantial:

> Two eyewitnesses identified King as the robber during line-ups and at trial. King himself identified his accomplices to the police during his interviews at the precinct. At trial, the alibi testimony that King offered for the robberies was shown to be fabricated. Finally, King's testimony at trial essentially corroborated the other evidence against King. Among other things, it confirmed his association with his accomplices and further undermined his purported alibi testimony.

*King v. Greiner*, 02 Civ. 5810 (DLC), 2009 WL 2001439, at *10 (S.D.N.Y. July 8, 2009). Thus, even assuming *arguendo* that King's trial counsel was deficient in failing to object to certain

4

remarks made by the prosecutor during the second summation, given the strong evidence of King's guilt, he cannot establish that he was prejudiced by his trial counsel's performance.

We have considered King's remaining arguments and find them to be without merit.

Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED.**

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK
