COLE, Circuit Judge,
concurring.
During voir dire, the chief prosecutor explained privately to his colleagues that he would strike “the old lady, the black lady” because “the other one is already off.” He did not realize a video camera had captured his comments. The district court found that the prosecutor’s strike was not motivated by the juror’s race, and I agree with the lead opinion that, under Batson and its progeny, we must affirm the district court’s judgment. I write separately, however, to emphasize two important considerations.
First, although evidence of a prosecutor’s actual reasons for striking a juror may be circumstantial, speculation is never proper evidence of a prosecutor’s reasons, see Johnson v. California, 545 U.S. 162, 172, 125 S.Ct. 2410, 162 L.Ed.2d 129 (2005), and a prosecutor’s lack of an independent recollection of his reasons may be evidence of discriminatory intent, see Yee v. Duncan, 463 F.3d 893, 899-900 (9th Cir.2006); see also Johnson, 545 U.S. at 171 n. 6, 125 S.Ct. 2410 (noting that a prosecutor’s refusal to testify about his reasons for striking a juror “would provide additional support for the inference of discrimination”). Indeed, if the State has not put forth the prosecutor’s actual reasons for striking a juror, rather than conjecture or speculation, it will lose the Batson challenge in most cases. Paulino v. Harrison, 542 F.3d 692, 702-03 (9th Cir.2008); see also Johnson, 545 U.S. at 172, 125 S.Ct. 2410 (“The Batson framework is designed to produce actual answers to suspicions and inferences that discrimination may have infected the jury selection process.” (emphasis added)).
Second, in the absence of sufficient, competent circumstantial evidence, the passage of time may make it impossible for a district court to hold a meaningful Bat-son hearing. See Snyder v. Louisiana, 552 U.S. 472, 486, 128 S.Ct. 1203, 170 L.Ed.2d 175 (2008) (“Nor is there any realistic possibility that this subtle question of [the prosecutor’s reasons for striking a juror] could be profitably explored further on remand at this late date, more than a decade after petitioner’s trial.”); Harris v. Hardy, 680 F.3d 942, 955 (7th Cir.2012) (noting that “conclusory comments by the trial judge about the [prosecutor’s] credibility ring hollow” because the prosecutor’s “explanation of the reasons for the strikes appears to have been recreated, principally from reviewing the transcripts of the jury selection process, ... roughly 3 years after the strikes were used”); Crittenden v. Ayers, 624 F.3d 943, 958 (9th Cir.2010) (“[T]he court may reject a reconstructed articulation [of the prosecutor’s reasons for striking a juror] as mere ‘speculation’ or accept it as properly based on relevant circumstantial evidence.”); United States v. McMath, 559 F.3d 657, 666 (7th Cir.2009) (“[I]f the passage of time precludes the district court from making factual findings, it must vacate the judgment of conviction.”); Dolphy v. Mantello, 552 F.3d 236, 240 (2d Cir.2009) (“[I]f the passage of time has made such a determination [of the prosecutor’s state of mind at the time of jury selection] impossible or unsatisfactory, the district court may grant the [habeas] writ contingent on the state granting [the defendant] a new trial.”); Riley v. Taylor, 277 F.3d 261, 294 (3d Cir.2001) (“[A] new trial is especially appropriate where[,] as here, the passage of time makes a new evidentiary *1064 hearing on the petition impossible.” (internal quotation marks omitted)).
I understand today’s opinion not to undermine these considerations in any way. With these additional comments, I join Judge Griffin’s lead opinion.