*Rowell v. Ferreira*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of December, two thousand twenty.

Present:
> JOHN M. WALKER, JR.,
> ROBERT A. KATZMANN,
> RICHARD C. WESLEY,
> *Circuit Judges*.

_____

HOZIE ROWELL,

> *Plaintiff-Appellant*,

> v.                                                                        19-3469

POLICE OFFICER JOAN FERREIRA, individually and in her official capacity, SHANE KILLILEA, individually and in his official capacity, CHRISTOPHER POPOVIC, individually and in his official capacity,

> *Defendants-Appellees*,

CITY OF NEW YORK, JOHN DOE, individually and in his official capacity,

> *Defendants*.

_____

For Plaintiff-Appellant:                                    CYRUS JOUBIN, New York, NY.

For Defendants-Appellees:                    PHILIP W. YOUNG (Richard P. Dearing, Scott
                                             N. Shorr, Jonathan A. Popolow, *on the brief*),
                                             New York City Law Department, *for* James
                                             E. Johnson, Corporation Counsel of the City
                                             of New York, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Nathan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's order is **AFFIRMED.**

Plaintiff-appellant Hozie Rowell appeals from an order of the district court entered September 18, 2019 denying his motion for a new trial under *Batson v. Kentucky*, 476 U.S. 79 (1986), after the defendants used a peremptory challenge to strike the only qualified African American juror on the panel. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Rowell argues that the district court clearly erred in crediting the defendants' reasons for striking the juror. These reasons were (1) the fact that the juror was "shaking his head" while the district court summarized the case, (2) his failure to respond "yes" to general panel questions, and (3) his prior service on three juries. In *Batson*, the Supreme Court held that the state may not use its peremptory challenges to exclude potential jurors on the basis of their race. *See id.*; *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 628 (1991) (extending *Batson*'s holding to the exclusion of prospective jurors in civil cases). To establish a *Batson* violation, "[f]irst, a [movant] must make a prima facie showing that a peremptory challenge has been exercised on the basis of race; second, if that showing has been made, the [proponent] must offer a race-neutral basis for striking the juror in question; and third, in light of the parties' submissions, the trial court must determine whether the [movant] has shown purposeful discrimination." *Foster v.*

2

*Chatman*, 136 S. Ct. 1737, 1747 (2016).[1] During the third step of the inquiry, "[t]he trial judge must determine whether the [proponent's] proffered reasons are the actual reasons [for the strike], or whether the proffered reasons are pretextual and the [proponent] instead exercised peremptory strikes on the basis of race." *Flowers v. Mississippi*, 139 S. Ct. 2228, 2244 (2019). "The trial court must consider the [proponent's] race-neutral explanations in light of all of the relevant facts and circumstances, and in light of the arguments of the parties." *Id.* at 2243. Because a trial court's finding as to the intent underlying the use of a peremptory challenge rests principally upon a credibility assessment that lies "peculiarly within a trial judge's province," we accord that determination "great deference" and review it only for clear error. *Id.* at 2244.

We affirm the district court's denial of Rowell's motion for a new trial because we have no basis to disturb the district court's decision to credit the defendants' race-neutral explanation concerning the juror's physical movements. *See McCrory v. Henderson*, 82 F.3d 1243, 1248 (2d Cir. 1996) ("[An attorney's] explanation that a venireperson was excluded because he or she seemed, for example, inattentive or hostile . . . if credible, is sufficient."). Nor can we conclude that the district court failed to consider the totality of the circumstances in denying Rowell's *Batson* challenge. The district court concluded that "a *credible*, race-neutral reason [had] been proffered" for the strike. J.A. 64 (emphasis added). While that brief statement does not provide a full analysis that would have had to inform the district court's judgment, we cannot conclude that it was inadequate under our precedents. A district court need not engage in a "talismanic recitation of specific words" to satisfy *Batson*, *Galarza v. Keane*, 252 F.3d 630, 640 n.10 (2d Cir. 2001); instead, "unambiguous rejection of a *Batson* challenge will demonstrate with sufficient

---

[1] Unless otherwise indicated, in quoting cases, we omit all internal citations, quotation marks, footnotes, and alterations.

3

clarity that a trial court deems the movant to have failed to carry his burden to show that the [proponent's] proffered race-neutral explanation is pretextual," *Messiah v. Duncan*, 435 F.3d 186, 198 (2d Cir. 2006). And while a district court may not evade its obligation to "make clear whether it credits the non-moving party's race-neutral explanation for striking the relevant panelist," *Dolphy v. Mantello*, 552 F.3d 236, 239 (2d Cir. 2009), here we conclude that the district court did make that clear, *see* J.A. 64.

In light of those standards, we cannot say that the district court clearly erred in its determination that Rowell failed to show purposeful discrimination on the part of the defendants. We have considered Rowell's remaining arguments on appeal and have found in them no basis for reversal. For the foregoing reasons, the order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4