■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINIC GIBBS, Appellant. [731 NYS2d 102] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of murder in the second degree (Penal Law §§ 20.00, 125.25 [1]). A witness testified at trial that she observed a vehicle drive into a ditch shortly after 2:00 A.M. on July 12, 1996, in a rural area. The witness drove to a nearby house and called 911 for assistance and, while waiting for the police to arrive, observed the vehicle

moving as if someone were trying to remove it from the ditch. A police officer who arrived at the scene less than 10 minutes later found the victim lying in front of the vehicle with gunshot wounds to his head. No one else was near the vehicle. The rear license plate from the vehicle and some clothing had been thrown into a nearby wooded area, and pieces of the registration sticker were scattered around the vehicle. The police patrolling the area did not see anyone walking on the roads near the crime scene until they observed defendant and codefendant three hours later, walking on a road approximately one mile to the east of the road where the crime scene was located. A wooded area separated the two roads. Defendant and codefendant were wet and covered with brush, leaves, and mud. The police asked defendant and codefendant some preliminary questions and then arrested them. A police dog tracked a scent from the scene of the crime through the wooded area, ending at the place where defendant and codefendant were arrested.

Defendant waived his *Miranda* rights and told the police that he had nothing to do with the crime, but he was unable to give a detailed account of his whereabouts that evening. Blood samples and fibers removed from defendant matched samples taken from the crime scene. Defendant testified that he had lied to the police and that he had been at the crime scene. He further testified that the victim had a gun and began struggling with codefendant while the three were riding in the vehicle. Defendant drove the vehicle into a ditch, and the victim and codefendant were thrown from the vehicle. Although defendant could not see the two men, he heard them arguing and he then heard a "pop." He exited the vehicle and found the victim lying on the ground with fatal gunshot wounds to the head.

We reject the contention of defendant that the conviction is not supported by legally sufficient evidence. There is a valid line of reasoning and permissible inferences to lead the jury to the conclusion that defendant shared a community of purpose with codefendant to kill the victim (*see, People v Allah,* 71 NY2d 830; *People v Johnson,* 162 AD2d 620, *lv denied* 77 NY2d 996; *see generally, People v Bleakley,* 69 NY2d 490, 495). The verdict is not against the weight of the evidence (*see, People v Bleakley, supra,* at 495).

Defendant failed to preserve for our review his contentions that the prosecutor erred in eliciting testimony that defendant invoked his right to remain silent and his right to counsel, and erred in questioning defendant concerning prior bad acts (*see,* CPL 470.05 [2]). In any event, reversal based on those alleged

errors is not required. By refusing to respond to certain questions but while continuing to respond to others, defendant failed to invoke his right to remain silent (*see, People v Jandreau,* 277 AD2d 998, *lv denied* 96 NY2d 784); thus, the prosecutor did not err in eliciting testimony on that issue. Although the prosecutor erred in eliciting testimony that defendant requested counsel and thereafter refused to speak with the police, the error is harmless (*see, People v McLean,* 243 AD2d 756, *lv denied* 91 NY2d 928). The evidence of guilt is overwhelming, and there is no reasonable possibility that the error contributed to defendant's conviction (*see, People v McLean, supra,* at 757). With respect to the prosecutor's questioning concerning defendant's prior bad acts, defendant's direct testimony opened the door to that questioning (*see, People v Eraso,* 248 AD2d 243, *lv denied* 91 NY2d 1007; *People v Walker,* 223 AD2d 414, 415, *lv denied* 88 NY2d 887).

Supreme Court properly denied defendant's request for a justification charge. Although defendant did not act in self-defense, he contends that he was entitled to assert a justification defense vicariously because codefendant acted in self-defense. Even assuming, arguendo, that defendant is entitled to assert that defense vicariously, we conclude that there is no reasonable view of the evidence, viewed in the light most favorable to defendant, that codefendant was justified in using deadly physical force (*see,* Penal Law § 35.15; *see generally, People v Cox,* 92 NY2d 1002, 1004; *People v Butts,* 72 NY2d 746, 750).

Defendant was not denied effective assistance of counsel. Most of the alleged instances of ineffective assistance were a part of the defense strategy, and "[a] contention of ineffective assistance requires proof of less than meaningful representation, rather than simple disagreement with strategies and tactics" (*People v Rivera,* 71 NY2d 705, 708-709; *see, People v Lane,* 60 NY2d 748, 750). Viewing the evidence in totality and as of the time of representation, we conclude that defendant received meaningful representation (*see, People v Baldi,* 54 NY2d 137, 147).

Defendant further contends in his *pro se* supplemental brief that the court erred in failing to charge the jury with the lesser included offenses of manslaughter in the first and second degrees and the affirmative defense of extreme emotional disturbance. Defendant did not ask the court to so charge and therefore failed to preserve his contentions for our review (*see,* CPL 300.50 [2]; *People v Veras,* 175 AD2d 710, 712, *lv denied* 78 NY2d 1130). We decline to exercise our power to review

those contentions as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). (Appeal from Judgment of Supreme Court, Monroe County, Affronti, J.—Murder, 2nd Degree.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt, Burns and Gorski, JJ.