[880 NE2d 861, 850 NYS2d 375]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM CUADRADO, Appellant.

Argued November 13, 2007; decided December 18, 2007

## POINTS OF COUNSEL

*Office of the Appellate Defender,* New York City (*Margaret E. Knight, Richard M. Greenberg* and *Daniel A. Warshawsky* of counsel), for appellant. The trial court properly granted William Cuadrado's motion to vacate his conviction of assault in the first degree where Mr. Cuadrado's conviction was the product of his guilty plea to a superior court information entered though he was not being held for grand jury action; his conviction thus suffered from a fundamental jurisdictional defect, and his challenge to that defect could not be waived and was not procedurally barred. (*People v Boston,* 75 NY2d 585; *People v Iannone,* 45 NY2d 589; *People v Casdia,* 163 AD2d 604, 78 NY2d 1024; *People v Trueluck,* 88 NY2d 546; *People v Young,* 241 AD2d 690; *People v Davis,* 171 AD2d 957; *People v Robbins,* 283 AD2d 152; *People v Libby,* 246 AD2d 669; *People v Keizer,* 100 NY2d 114; *People ex rel. Battista v Christian,* 249 NY 314.)

*Robert M. Morgenthau, District Attorney,* New York City (*Michael S. Morgan* and *Eleanor J. Ostrow* of counsel), for respondent. The Appellate Division correctly held that defendant's motion to vacate his judgment of conviction was subject to the mandatory procedural bar imposed by CPL 440.10 (2) (c). (*People v Farrar,* 52 NY2d 302; *People v Cameron,* 83 NY2d 838; *People v Escobar,* 61 NY2d 431; *People v Cooks,* 67 NY2d 100; *People v Mower,* 97 NY2d 239; *People ex rel. Gibbs v Vincent,* 39 NY2d 918; *People v Sadness,* 300 NY 69; *People v Howard,* 12 NY2d 65; *People v Smith,* 79 NY2d 309; *People v Boston,* 75 NY2d 585.)

## OPINION OF THE COURT

Smith, J.

Defendant waived indictment and pleaded guilty to a charge contained in a superior court information. It is now conceded that the waiver and plea were invalid, but defendant appealed

from his conviction without complaining of that defect. We hold that defendant is barred from raising the issue later, in a motion to vacate his conviction under CPL 440.10.

## Facts and Procedural History

In 1991, defendant was one of a group of men who tried to rob a delicatessen. Two people were shot, and one of them died. Defendant was indicted for murder, attempted robbery, and criminal possession of a weapon. He was not indicted on any assault charge, but in 1992 he agreed to plead guilty to assault in the first degree, among other crimes; to implement this agreement, he signed a waiver of indictment and pleaded guilty to a superior court information alleging first-degree assault. He received a sentence of 4 to 12 years for that crime, to run consecutively to other sentences imposed on him.

The People now concede that the waiver of indictment was invalid (see NY Const, art I, § 6 [permitting waiver of indictment for an "infamous crime" only by "a person held for the action of a grand jury" on a charge "other than one punishable by death or life imprisonment"]; *People v Boston*, 75 NY2d 585 [1990]; *People v Trueluck*, 88 NY2d 546 [1996]). As *Boston* and *Trueluck* illustrate, this was a defect that defendant could have challenged on direct appeal. However, defendant appealed his conviction to the Appellate Division without raising this issue, or any other except the claimed excessiveness of his sentence.

In 2004, 12 years after pleading guilty, defendant moved under CPL 440.10 to vacate his assault conviction, relying on the invalid waiver of indictment. Supreme Court granted the motion, but the Appellate Division reversed, with one Justice dissenting (*People v Cuadrado*, 37 AD3d 218 [1st Dept 2007]). An Appellate Division Justice granted leave to appeal, and we now affirm the order of the Appellate Division.

## Discussion

Defendant's motion to vacate his conviction is barred by CPL 440.10 (2) (c), which says:

> "[T]he court must deny a motion to vacate a judgment when: . . .

> "(c) Although sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, ade-

quate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's . . . unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him."

CPL 440.10 (1) lists, among the grounds it permits a defendant to raise, a contention that "[t]he court did not have jurisdiction of the action or of the person of the defendant" (CPL 440.10 [1] [a]). A motion on this ground, as on all the other grounds listed in the statute, must be denied when the circumstances described in CPL 440.10 (2) (c) exist.

Defendant does not dispute that those circumstances exist here: he has omitted an issue that he could have raised on appeal, and then raised the same issue in a CPL article 440 motion. He argues, however, that the statutory bar may not be applied in this case, because the defect he complains of is a "fundamental jurisdictional" one. We reject the argument. Whether or not a defect is properly described by the adjectives "fundamental" and "jurisdictional," it is within the power of the Legislature to make reasonable rules governing when those defects may be complained of. As long as those rules give a defendant a fair opportunity to vindicate his rights, they should be enforced. CPL 440.10 (2) (c) is such a rule.

Defendant contends that he has a constitutional right to attack his conviction collaterally, despite his failure to do so on direct appeal. He relies on *People ex rel. Battista v Christian* (249 NY 314 [1928]), in which habeas corpus was granted to a defendant who had pleaded guilty to an invalidly-filed information. But *Battista* was decided before CPL article 440 was enacted. Neither it nor any other case holds that the Legislature cannot regulate the manner in which a jurisdictional defect in a conviction may be raised.

There are obvious good reasons for the Legislature's choice to require that jurisdictional, as well as other, defects that can be raised on direct appeal be raised in that way or not at all. As this case shows, a less restrictive rule would be an invitation to abuse. There is no indication in this record that defendant was dissatisfied with his plea when he entered it, or even when he chose to appeal the resulting conviction on no ground except the excessiveness of the sentence. He delayed for 12 years in raising the issue he now raises. It would be at best difficult and at worst impossible for the People to revive the case against him now, and there is no good reason to require them to do so.

Accordingly, the order of the Appellate Division should be affirmed.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, PIGOTT and JONES concur.

Order affirmed.