10-0060-pr
*Gibbs v. Donnelly*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of November, two thousand and ten.

PRESENT:

AMALYA L. KEARSE,
JOSEPH M. McLAUGHLIN,
DEBRA ANN LIVINGSTON,

*Circuit Judges.*

_____

DOMINIC GIBBS,

*Petitioner-Appellant,*

v.                                                                No. 10-0060-pr

EDWARD DONNELLY, Superintendent,

*Respondent-Appellee.*

_____

HILLARY K. GREEN, Federal Public Defender, Buffalo, New York, *for Petitioner-Appellant.*

1

GEOFFREY KAEUPER, Assistant District Attorney for Monroe County, Michael C. Green, District Attorney for Monroe County, Rochester, New York, *for Respondent-Appellee*.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, and DECREED that the judgment of the district court be AFFIRMED.

Petitioner-Appellant Dominic Gibbs ("Gibbs") appeals from a December 8, 2009 judgment of the United States District Court for the Western District of New York (Arcara, *J.*), denying his petition for a writ of habeas corpus, *see* 28 U.S.C. § 2254. Gibbs challenges his conviction on one count of second degree (intentional) murder, N.Y. Penal Law §§ 20.00, 125.25(1), in New York Supreme Court, Monroe County. Gibbs was convicted as an accomplice and sentenced to the statutory maximum term of 25 years to life in prison. On direct appeal, the Appellate Division affirmed Gibbs's conviction on September 28, 2001, and the New York Court of Appeals denied leave to appeal on January 15, 2002. *People v. Gibbs*, 286 A.D.2d 865 (N.Y. App. Div. 4th Dep't 2001), *lv. denied*, 97 N.Y.2d 704 (N.Y. 2002). The district court granted a Certificate of Appealability on the issue of "whether the trial court's denial of a jury instruction on self-defense or justification amounted to a violation of petitioner's federal constitutional rights." We assume the parties' familiarity with the underlying facts and procedural history.

We review a district court's denial of a petition for habeas corpus *de novo*, and its factual findings for clear error. *Hemstreet v. Greiner*, 491 F.3d 84, 89 (2d Cir. 2007); *Anderson v. Miller*, 346 F.3d 315, 324 (2d Cir. 2003). Because Gibbs challenges a claim adjudicated on the merits in state court, we apply the deferential standard of review codified in the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d) ("AEDPA"). *See Dolphy v. Mantello*, 552 F.3d 236,

2

238 (2d Cir. 2009). Under AEDPA, a federal court may grant a writ of habeas corpus to a state prisoner on a claim that was adjudicated on the merits in state court only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *Dolphy*, 552 F.3d at 238. The state court's application of clearly established law "must be objectively unreasonable," not merely incorrect or erroneous. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). The Supreme Court has instructed that this is "a substantially higher threshold" than mere error. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

Gibbs argues that the state trial court violated his due process rights by denying him a jury instruction on "vicarious" justification. In *Cupp v. Naughten*, 414 U.S. 141 (1973), the Supreme Court held that a federal court may overturn a state court conviction on the ground of an erroneous instruction only where the instruction complained of "so infected the entire trial that the resulting conviction violates due process." *Id.* at 147. Consistent with *Cupp*, we have held that "[i]n order to obtain a writ of habeas corpus in federal court on the ground of error in a state court's instructions to the jury on matters of state law, the petitioner must show not only that the instruction misstated state law but also that the error violated a right guaranteed to him by federal law." *Davis v. Strack*, 270 F.3d 111, 123 (2d Cir. 2001) (quoting *Casillas v. Scully*, 769 F.2d 60, 63 (2d Cir. 1985)); *see also Blazic v. Henderson*, 900 F.2d 534, 541 (2d Cir. 1990) ("A mere error of state law does not deny a defendant his right to due process.").

We note at the outset that both parties, as well as the state and district courts, concur that there are no published cases suggesting that a defendant charged as an accomplice under New York law may claim self-defense where the alleged principal applied deadly physical force. Even

3

assuming that state law entitled Gibbs to a "vicarious" justification instruction of the sort he urges, however, we nevertheless agree with the district court that the failure to give such instruction did not result in a denial of due process.

We have declined to find a violation of due process where a justification charge would not have affected the jury's verdict. *Blazic*, 900 F.2d at 542-43. In *Blazic*, we acknowledged that New York law requires a jury to "determine[ whether] the People have established all of the elements of the crime [charged]," and upon such determination, to *"then* turn to consider his defense known in law as 'justification.'" *Id.* at 542 n.4 (quoting 1 *Criminal Jury Instructions, New York* 867 (1983)) (emphasis in *Blazic*) (internal quotation marks omitted). We then noted that a jury "would have had to reject significant aspects of" the defendant's testimony "to find that the prosecution met its burden" of establishing all the elements of the crime. *Id.* at 543. From these observations, we concluded that "if a jury rejected the majority of [the defendant's] testimony, a justification charge would not have affected the jury's verdict since his testimony was the only evidence supporting a justification claim." *Id.*

Gibbs's testimony was the only evidence that even arguably supported a justification defense as to the alleged principal here. The jury, however, necessarily rejected Gibbs's version of the events in determining he was guilty as an accomplice to the crime of second degree murder. A "vicarious" justification charge would thus not have changed the jury's verdict. Moreover, even if the jury were to have assumed the truth of Gibbs's testimony, Gibbs's account of the moments just before the shooting was merely that he heard some arguing and then a "pop." Under these circumstances, we find that the state trial court's refusal to grant a "vicarious" jury instruction did not deprive Gibbs of a "highly credible defense" on which he had a "significant possibility of prevailing." *Davis*, 270

4

F.3d at 131-32.

Alternatively, Gibbs argues that he was entitled to an ordinary justification instruction, on the theory that he himself committed a deadly act in self-defense. Gibbs, however, never requested such an instruction at trial and raises this argument for the first time on appeal from the denial of habeas relief. It is therefore not properly before this Court. *See Teague v. Lane*, 489 U.S. 288, 308 (1989); *see also* N.Y. Crim. Proc. Law §§ 440.10(2)(c), 470.05(2); *People v. Cuadrado*, 9 N.Y.3d 362, 364-65 (N.Y. 2007); *People v. Cona*, 49 N.Y.2d 26, 33 (N.Y. 1979).

We have considered all of Gibbs's contentions on appeal and find them to be without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk