■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK MCKENZIE, Appellant. [57 NYS3d 208]—Appeal by the defendant, by permission, from an order of the County Court, Putnam County (Rooney, J.), dated April 17, 2015, which, without a hearing, denied his motion pursuant to CPL 440.10 to vacate a judgment of the same court rendered November 22, 2005, convicting him of robbery in the second degree (three counts), upon his plea of guilty, and imposing sentence.

Ordered that the order is affirmed.

The County Court properly denied the defendant's motion pursuant to CPL 440.10 to vacate his judgment of conviction on the ground that he was denied the effective assistance of counsel with relation to certain alleged defects in the accusatory instruments. The defendant's contention could have been raised on direct appeal from the judgment, and, accordingly, the court was required to deny the motion (*see* CPL 440.10 [2] [c]; *People v Cuadrado*, 9 NY3d 362 [2007]; *People v Smith*, 36 AD3d 633, 633-634 [2007]). Sgroi, Maltese and Duffy, JJ., concur.

Hall, J.P., dissents, and votes to modify the order appealed from and grant those branches of the defendant's motion pursuant to CPL 440.10 which were to vacate so much of the judgment as convicted him of the first and third counts of robbery in the second degree, dismiss those counts of the superior court information, and vacate the sentences imposed thereon, with the following memorandum: While I am mindful of the procedural bar set forth in CPL 440.10 (2) (c), its application to the defendant's motion to vacate his judgment of conviction pursuant to CPL 440.10 on the ground that he was denied the effective assistance of counsel results in a substantial injustice. As a result, I cannot join the majority's determination and must respectfully dissent.

Three felony complaints were filed against the defendant. The first felony complaint concerned an incident which occurred on March 5, 2005, and charged robbery in the first degree pursuant to Penal Law § 160.15 (3). A second felony complaint also charged robbery in the first degree in connection with an incident which occurred on March 18, 2005. The

third felony complaint corresponded to an incident that occurred on April 4, 2005, and charged robbery in the second degree pursuant to Penal Law § 160.10 (2) (b).

However, the facts alleged in the first and third felony complaints, and their respective supporting depositions, did not support the charges contained in those accusatory instruments. That is, the first and third felony complaints were facially insufficient (*see* CPL 100.15 [3]; 100.40 [4]). A facially sufficient accusatory instrument "is a fundamental prerequisite to the exercise of jurisdiction over the defendant" (*Fitzpatrick v Rosenthal*, 29 AD3d 24, 30 [2006]). Indeed, the facts alleged in the first and third felony complaints and their supporting depositions supported charges no greater than robbery in the third degree (Penal Law § 160.05).

Defense counsel failed to realize the facial insufficiency of the first and third felony complaints. As a result, the defendant signed a waiver of indictment and agreed to be prosecuted on a superior court information charging him with three counts of robbery in the second degree, a crime not supported by the facts alleged in connection with the first and third felony complaints. As part of the plea agreement, the defendant pleaded guilty to all three counts of robbery in the second degree, and agreed to be sentenced to three determinate terms of imprisonment of five years, to run consecutively, and a five-year period of postrelease supervision.

Defense counsel was clearly ineffective (*see People v Baldi*, 54 NY2d 137, 146-147 [1981]), and this ineffectiveness resulted in a substantial injustice to the defendant. Defense counsel failed to realize or explain to the defendant the defects in the first and third felony complaints. If counsel had realized the defects in those felony complaints, they would have been dismissed as factually insufficient. Instead, the defendant agreed to plead guilty to three counts of robbery in the second degree, a crime which, according to the facts alleged in the first and third felony complaints and their supporting depositions, he did not commit.

Moreover, pursuant to the plea of guilty, the defendant was sentenced to three determinate terms of imprisonment of five years, to run consecutively, and a five-year period of postrelease supervision. That is, the defendant was sentenced to five years of imprisonment, to run consecutively, on each count of robbery in the second degree. However, the facts alleged in connection with the first and third felony complaints did not support charges of robbery in the second degree. Thus, due to counsel's ineffectiveness, the defendant improperly pleaded

guilty to two counts of robbery in the second degree, and was sentenced to an additional 10 years of imprisonment on those counts, which would not have happened if the defects in the first and third felony complaints had been addressed.*

I understand that we are constrained by CPL 440.10 (2) (c), which provides that a court must deny a motion to vacate a judgment of conviction where the ground or issue raised upon the motion could have been raised on a direct appeal from the judgment of conviction and the defendant unjustifiably failed to do so (see People v Cuadrado, 9 NY3d 362, 364-365 [2007]). Here, the defendant, although represented by appellate counsel, failed to raise, on his direct appeal, the meritorious issues he now raises on his CPL 440.10 motion (see People v McKenzie, 51 AD3d 823 [2008]). The defendant filed an application for a writ of error coram nobis, claiming that his appellate counsel was ineffective for failing to raise these issues. However, that application was summarily denied (see People v McKenzie, 138 AD3d 888 [2016]). Under these unique circumstances, where the defendant has no other apparent avenue of relief in the New York State court system, it would be fundamentally unfair and unjust to apply the procedural bar set forth in CPL 440.10 to his claims.

Accordingly, while I understand the reasoning the majority applies in reaching its determination, I cannot join it, and must respectfully dissent.

 ---

* I also note that the County Court did not recognize the facial insufficiency of the first and third felony complaints, and improperly permitted the defendant to plead guilty to three counts of robbery in the second degree.