People v Rodriguez (2022 NY Slip Op 07166)

People v Rodriguez

2022 NY Slip Op 07166

Decided on December 15, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 15, 2022

Before: Scarpulla, J.P., Shulman, Rodriguez, Higgitt, JJ. 

Ind. No. 1496/11 Appeal No. 16897 Case No. 2021-02574 

[*1]The People of the State of New York, Respondent,
v
Jeramie Rodriguez, Defendant-Appellant.

Carrillo & Carrillo LLC, Brooklyn (Charlie Carrillo of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (T. Charles Won of counsel), for respondent.

Order, Supreme Court, Bronx County (Alvin M. Yearwood, J.), entered on or about June 14, 2021, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.
The court providently exercised its discretion in denying defendant's CPL 440.10 motion without holding a hearing (see People v Samandarov, 13 NY3d 433, 439-440 [2009]; People v Satterfield, 66 NY2d 796, 799-800 [1985]). We find that defendant received effective assistance of counsel under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that any of trial counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case.
In his opening statement and in summation, trial counsel discussed matters he intended to "prove," and argued that although the defense had no burden of proof, he would nevertheless demonstrate his client's innocence. These rhetorical devices did not create any confusion about the burden of proof, but instead highlighted perceived deficiencies in the People's evidence, and the court's instructions ensured that the jury applied the correct standard. Regardless of whether counsel should have objected to the display of defendant's arrest photo as irrelevant, there was no prejudice because there was no suggestion that the photo was from a prior arrest or otherwise indicative of criminal propensity. Finally, it was neither unreasonable nor prejudicial for counsel to omit the additional suppression arguments proffered in defendant's CPL 440.10 motion, including challenges to the legality of defendant's arrest, because defendant has not shown that these arguments would have had any chance of success (see People v Caban, 5 NY3d 143, 152 [2005]).
In addition to ineffective assistance of counsel, defendant makes other claims, which we find to be procedurally barred because they are based on facts that appear, or could have been made to appear, on the record (see CPL 440.10[2][c], [3][a]). Defendant has already had his direct appeal (166 AD3d 562 [1st Dept 2019], lv denied 33 NY3d 953 [2018]), and on this appeal from the denial of a CPL 440.10 motion this Court has no authority to grant relief that should have been requested on direct appeal (see People v Cuadrado, 9 NY3d 362 [2007]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2022