People v Fowler (2025 NY Slip Op 07351)

People v Fowler

2025 NY Slip Op 07351

Decided on December 31, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 31, 2025

CR-24-1564
[*1]The People of the State of New York, Respondent,
vJoseph Fowler, Appellant.

Calendar Date:November 19, 2025

Before:Garry, P.J., Aarons, Pritzker, Powers and Corcoran, JJ.

Hug Law PLLC, Albany (Matthew C. Hug of counsel), for appellant.
Mary Pat Donnelly, District Attorney, Troy (Melissa K. Swartz of Cambareri & Brenneck, Syracuse, of counsel), for respondent.

Aarons, J.
Appeal, by permission, from an order of the County Court of Rensselaer County (Debra Young, J.), entered August 30, 2024, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of sexual abuse in the first degree, without a hearing.
In November 2000, defendant was charged by felony complaint with rape in the first degree (see Penal Law former § 130.35 [1]), based upon an allegation that in September 2000, at 18 years old, he engaged in sexual intercourse by forcible compulsion with a 15-year-old girl. Pursuant to a plea agreement, he waived indictment and consented to be prosecuted by a superior court information (hereinafter SCI) charging him with sexual abuse in the first degree (see Penal Law § 130.65 [1]). Defendant pleaded guilty to the SCI charging him with sexual abuse in the first degree as well as to a separate indictment charging him with two counts of burglary in the second degree. Defendant waived his right to appeal and was sentenced, in accordance with the agreement, to concurrent prison terms of 3½ years on each charge. Defendant did not pursue a direct appeal. In April 2004, at defendant's Sex Offender Registration Act hearing, wherein defendant's counsel waived defendant's right to appear, County Court (Hummel, J.) classified defendant as a risk level three sex offender. Further, the court acknowledged that it initially erred in sentencing defendant by failing to include a term of postrelease supervision (see Penal Law § 70.45 [1]), and thereafter sentenced defendant, in absentia, to 2½ years of postrelease supervision.
In June 2019, defendant filed a motion pursuant to CPL article 440 to vacate the judgment of conviction, arguing that he did not receive the effective assistance of counsel because he did not intend to waive his presence at resentencing and he was never informed by his former counsel that he would be required to serve a period of postrelease supervision (see CPL 440.10 [1] [h]). County Court (Young, J.) partially granted the motion, finding that although defendant's former counsel provided meaningful representation, defendant's fundamental right to be present at sentencing warranted reimposition of the originally imposed sentence, without any term of postrelease supervision, in the interest of justice. In July 2024, defendant again moved pursuant to CPL article 440 to vacate the judgment of conviction, arguing, as relevant here, that the SCI charging defendant with sexual abuse in the first degree was jurisdictionally defective because it did not accuse an offense that had been held for grand jury or a lesser included offense thereof. County Court denied defendant's motion without a hearing, summarily ruling that vacatur was not warranted in light of defendant's admission to the elements of sexual abuse in the first degree during his plea hearing, despite noting that sexual abuse in the first degree is not a lesser included offense of rape in the first degree. Defendant[*2], by permission, appeals.
Among the arguments advanced by the People in opposition to defendant's second CPL article 440 motion was that upon his previous motion to County Court, "defendant was in a position adequately to raise the ground or issue underlying the present motion but did not do so" (CPL 440.10 [3] [c]). In denying defendant's motion, the court did not address the merits of the People's argument that defendant's jurisdictional claim is procedurally barred by CPL 440.10 (3) (c). Our review power does not extend to issues not ruled upon by the trial court (see CPL 470.15 [1]; People v LaFontaine, 92 NY2d 470, 473-474 [1998]; see also People v Regan, 196 AD3d 735, 742 [3d Dept 2021], revd on other grounds 39 NY3d 459 [2023]; People v Drayton, 189 AD3d 1888, 1892 [3d Dept 2020], lv denied 36 NY3d 1119 [2021]). Contrary to defendant's contention in his reply brief, the procedural bars to relief under CPL 440.10 are applicable to jurisdictional defects (cf. People v Cuadrado, 9 NY3d 362, 365 [2007]). The matter must therefore be remitted for consideration of the issue.
Garry, P.J. Pritzker, Powers and Corcoran, JJ., concur.
ORDERED that the order is reversed, on the law, and matter remitted to the County Court of Rensselaer County for further proceedings not inconsistent with this Court's decision.