■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT TREMBLEY, Appellant.—Judgment unanimiously affirmed. Counsel's application to withdraw granted (see, People v Crawford, 71 AD2d 38). (Appeal from judgment of Orleans County Court, Miles, J.—violation of probation.) Present—Dillon, P. J., Doerr, Boomer, Pine and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS J. YOURDON, Appellant.—Judgment unanimiously affirmed. Memorandum: On this appeal from a judgment convicting defendant of rape and sodomy, defendant contends that he was deprived of effective assistance of counsel solely because his counsel did not request that a test be made of the seminal fluid found in the victim's vaginal tract to determine the blood type of the perpetrator. Just as a showing of counsel's failure to make a particular pretrial motion generally does not, by itself, establish ineffective assistance of counsel, neither does a showing of failure to request a particular scientific test. It is incumbent on defendant to demonstrate the absence of strategy or other legitimate explanations for such failure (see, People v Montana, 71 NY2d 705). Here, defendant has not demonstrated the absence of strategy or other legitimate explanations for his counsel's failure to request that a test of the seminal fluid be made. We cannot say from this record that defense counsel was ineffective in stressing to the jury the failure of the prosecutor to cause the test to be made rather than assuming the risk that the results of the test would tend to incriminate defendant by showing that he had the same blood type as the perpetrator.

We reject defendant's further contention that the prosecutor concealed exculpatory evidence by failing to cause the test to be made. Because this test was not made, there was no exculpatory evidence to conceal. (Appeal from judgment of Supreme Court, Erie County, Flynn, J.—sodomy, first degree.) Present—Doerr, J. P., Boomer, Pine and Lawton, JJ.