**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

August Term, 2013

(Argued: June 19, 2014        Decided: March 17, 2015)

Docket No. 13-3022

————————————————————

BRIAN FISCHER, Superintendent,

*Respondent-Appellant*,

v.

PATRICK SMITH,

*Petitioner-Appellee.*

————————————————————

Before:

CALABRESI, LYNCH, and LOHIER, *Circuit Judges*.

Petitioner-appellee Patrick Smith was convicted in State court of two counts of second-degree murder based largely on the testimony of a jailhouse informant. The State Court denied Smith's motion to vacate his conviction on ineffective assistance grounds. Smith then filed a federal habeas petition, which the District Court granted after determining that the State Court decision was not an "adjudication on the merits" entitled to significant deference under the Antiterrorism and Effective Death Penalty Act of 1996 and that Smith's counsel failed to provide effective assistance. We **REVERSE**.

LLOYD EPSTEIN, Epstein & Weil LLC, New York, NY, *for Petitioner-Appellee.*

ORRIE A. LEVY (Joseph N. Ferdenzi, *on the brief*), *for* Robert T. Johnson, District Attorney, Bronx County, Bronx, NY, *for Respondent-Appellant.*

LOHIER, *Circuit Judge*:

The principal issue on appeal is whether the State Court decision denying Patrick Smith's application to vacate his conviction on ineffective assistance of counsel grounds is an "adjudication on the merits" to which we must defer under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The United States District Court for the Southern District of New York granted Smith's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after determining that the State Court decision rested on procedural grounds and that Smith's trial counsel had provided ineffective assistance when he failed to move to suppress the testimony of a jailhouse informant. We conclude that the State Court decision was, to the contrary, an adjudication on the merits entitled to AEDPA deference and not so lacking in justification as to warrant habeas relief. Accordingly, we reverse the decision of the District Court.

**BACKGROUND**

In June 2002 Patrick Smith was charged in the Bronx with first- and second-degree murder (among other crimes) for his role in a 1996 armed robbery that resulted in the death of a payroll delivery worker. On the eve of trial, the prosecutor informed the Bronx County Supreme Court that the Government intended to call an incarcerated witness, William Ferguson, to whom Smith had made incriminating statements while in jail awaiting trial post-indictment. The State Court asked the prosecutor whether Ferguson was a government agent. The prosecutor said no. At trial, defense counsel requested an offer of proof regarding Ferguson's testimony and asked whether he was a government agent. This time the prosecutor responded that Ferguson had not been sent by the government to gather incriminating statements from Smith, but rather that Ferguson had independently contacted and relayed information to a Brooklyn detective named Danny Dellasandro. The prosecutor agreed to get more information about Ferguson's interactions with government officials.

The next day, the prosecutor reported that Ferguson had reached out to Detective Dellasandro and revealed the details of Smith's robbery homicide. The prosecutor acknowledged that Ferguson had provided information to

law enforcement prior to contacting Detective Dellasandro but stated that, according to Ferguson, the information had never been pursued. Based on the prosecutor's representations, the State Court determined that there was no basis to believe that Ferguson was a government agent.

Ferguson thereafter testified that he met Smith four times on Rikers Island and that each time Smith made inculpatory statements regarding the crimes for which he had been indicted. On cross-examination, Ferguson admitted that he had served as a paid informant for another narcotics detective, Jimmy Irving, who had not previously been mentioned by the prosecutor. Defense counsel moved to strike Ferguson's testimony, arguing that the government had failed to provide any discovery relating to Ferguson's role as a paid informant. The court denied the motion but allowed defense counsel to question Ferguson outside the presence of the jury about his relationship with the government. Defense counsel did so while pressing his position that the prosecution had to disclose more information about Ferguson's history and his relationship with Detective Irving. Nothing came of the questioning or the demand for more discovery, and defense counsel never moved pursuant to Massiah v. United States, 377 U.S. 201 (1964), to suppress Smith's incriminating statements to Ferguson. The jury ultimately

returned a guilty verdict on two counts of murder in the second degree.

Smith was sentenced principally to two concurrent indeterminate terms of twenty years' to life imprisonment.

Following trial, Smith's new defense counsel uncovered previously undisclosed evidence that Ferguson had collaborated with law enforcement for four years prior to Smith's trial. In 2005 Smith, through counsel, filed a direct appeal of his conviction, claiming that inadequate discovery abridged his right to confront Ferguson at trial. As relevant here, the Appellate Division affirmed the conviction, and Judge Graffeo of the New York Court of Appeals denied leave to appeal.

In 2007 Smith, now proceeding pro se, filed a motion in the Bronx County Supreme Court to vacate his conviction pursuant to New York Criminal Procedure Law § 440.10. The State Court ultimately denied the motion because his claims were unsupported by the record.

In 2009 Smith, through counsel, filed a second § 440.10 motion, arguing for the first time that his trial counsel was ineffective for failing to move pursuant to Massiah to suppress the incriminating statements made to Ferguson. The State Court denied Smith's § 440.10 motion on February 8, 2010. After extensively reciting Smith's various claims of ineffectiveness of

trial counsel, denial of a fair trial, and assorted trial errors, the court wrote the

following in its conclusions of law:

> This court declines to reach the merits of Defendant's counsel claims. The People are correct in their assertion that the instant motion is procedurally barred and meritless. The defendant was in the position to adequately raise all issues he now makes in the previous motion but chose not to. Moreover, defendant has failed to establish sworn allegations supporting defendant's claim of ineffective assistance of counsel. In evaluating ineffective assistance of counsel claims, New York's Court of Appeals has consistently applied a "flexible" approach. "So long as the evidence, the law, and the circumstances of a particular case, viewed in the totality and as of the time of the representation, reveal that the attorney provided meaningful representation," a defendant's constitutional right to the effective assistance of counsel will have been met. Thus, the standard in New York has long been whether the defendant was afforded "meaningful representation". The Court of Appeals has clarified "meaningful representation" to include a prejudice component which focuses on the "fairness of the process as a whole rather than [any] particular impact on the outcome of the case".
>
> Moreover, the defendant's bare claims of ineffective assistance do not meet the Strickland [standard]. <u>Strickland v. Washington,</u> 466 U.S. 688 (1984). In <u>Strickland</u>, the Supreme Court adopted a two-part test for evaluating claims of ineffective assistance of counsel. A "defendant

must show that counsel's performance was deficient," and "that the deficient performance prejudiced the defense". The first prong of the <u>Strickland</u> test is a restatement of attorney competence, which requires a showing that counsel's representation fell below an objective standard of reasonableness. The second prong, also known as the prejudice prong, "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process". In order to satisfy this prong, a "defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial". In the case at bar, defendant has failed to provide any evidence showing that counsel was ineffective.

Joint App'x at 12-13 (citations omitted).

After additional State court litigation, Smith filed a counseled habeas petition under 28 U.S.C. § 2254, reasserting the ineffective assistance claim raised earlier in his counseled § 440.10 motion. The District Court initially denied the petition, holding that Smith's ineffective assistance claim was procedurally defaulted. It then reconsidered the default and granted the writ in light of <u>Martinez v. Ryan</u>, 132 S. Ct. 1309, 1315 (2012), which held that the lack of counsel at a defendant's first opportunity to appeal a conviction based on a claim of ineffective assistance at trial may establish cause to excuse a procedural default on that claim. The District Court read the Bronx County

Supreme Court's decision as resting on procedural grounds and applied de novo review. Proceeding to the merits, the District Court held that Smith's trial counsel provided ineffective assistance by failing to make a motion under <u>Massiah</u> to suppress Ferguson's testimony. It also held that Smith would prevail even if AEDPA deference applied because the Bronx County Supreme Court's decision rejecting Smith's ineffective assistance of counsel claim involved an unreasonable application of <u>Strickland</u>.

This appeal followed.

<strong>DISCUSSION</strong>

I.     <u>AEDPA Deference</u>

Where a State court decision adjudicates a petitioner's claim "on the merits," AEDPA demands that the decision be accorded substantial deference. <u>Dolphy v. Mantello</u>, 552 F.3d 236, 238 (2d Cir. 2009). We have described an "adjudication on the merits" as one that "(1) disposes of the claim 'on the merits,' and (2) reduces its disposition to judgment." <u>Sellan v. Kuhlman</u>, 261 F.3d 303, 312 (2d Cir. 2001). "To determine whether a state court disposition is 'on the merits,' this Court examines (1) the state court's opinion, (2) whether the state court was aware of a procedural bar, and (3) the

practice of state courts in similar circumstances." Spears v. Greiner, 459 F.3d 200, 203 (2d Cir. 2006).

In Zarvela v. Artuz, we treated as an adjudication on the merits a State court decision that determined "petitioner's claim to be unpreserved, and, in any event, without merit." 364 F.3d 415, 417 (2d Cir. 2004) (emphasis added). Here, the Bronx County Supreme Court initially stated that it "decline[d] to reach the merits" of Smith's ineffective assistance claim. Joint App'x at 12. Had it stopped there, we would regard the decision as resting on procedural grounds rather than the merits. But the court did not stop there. The very next sentence described Smith's claim as "procedurally barred and meritless." Id. (emphasis added). And the remainder of the decision clearly and in considerable detail addressed the merits of Smith's ineffective assistance of counsel claim. See id. ("Moreover, [Smith] has failed to establish sworn allegations supporting [his] claim of ineffective assistance of counsel." (emphases added)); id. at 13 ("Moreover, the defendant's bare claims of ineffective assistance do not meet the Strickland [standard]." (emphases added)). Therefore, in the particular circumstances of this case, we view the decision as addressing the merits of Smith's claim in the alternative rather than declining to reach them altogether.

II.    The Merits of Smith's Ineffective Assistance Claim

We turn, then, to the State Court's adjudication of the merits of Smith's ineffective assistance claim — an adjudication which we accord significant deference under AEDPA.

Where a State court decision adjudicates a petitioner's claim on the merits, a district court may grant habeas relief only if the decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1); Harrington v. Richter, 562 U.S. 86, 98 (2011). "Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult.  The standards created by Strickland and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so."  Richter, 562 U.S. at 105 (citations omitted) (quotation marks omitted).  On habeas review "[a] federal court may reverse a state court ruling only where it was so lacking in justification that there was . . . [no] possibility for fairminded disagreement."  Vega v. Walsh, 669 F.3d 123, 126 (2d Cir. 2012) (second alteration in original) (quotation marks omitted).

As an initial matter, Smith pointed out at oral argument that in discussing the prejudice prong of Strickland the State Court applied the wrong standard, mistakenly suggesting that Smith had pleaded guilty rather than been convicted after a jury trial. Because Smith has not raised this argument in his briefing, it is not properly presented to us. See Vincent v. Yelich, 718 F.3d 157, 175 (2d Cir. 2013).

In any event, the argument is unpersuasive. True, Smith's case obviously involved a trial, not a guilty plea. And insofar as the State Court citations to plea bargain cases suggested otherwise, that suggestion was simply wrong. But the State Court correctly cited the Strickland standard as the rule of constitutional law governing Smith's claim, and its elaboration of the performance prong of that standard was fully applicable to the present case. Moreover, the State Court's reference to the guilty plea in the conclusions of law appears to have been a clerical or drafting error rather than a substantive or legal error. Indeed, prior to its conclusions of law, the court detailed at length the procedural history of the case with explicit references to the jury trial. See Joint App'x at 9-12. These references show that the trial judge understood the claims Smith was actually making and did not believe that the case concerned ineffective advice leading to a guilty plea.

As for the underlying issue of ineffective assistance of counsel, we would hope that most lawyers would spot the Massiah issue in this case. Ideally, Smith's trial counsel would have made a motion raising the issue. However, Smith's trial counsel could have reasonably determined that, based on Ferguson's testimony outside the presence of the jury and the prosecutor's representations, Ferguson was not acting as a government agent when he elicited incriminating statements from Smith. If so, moving to suppress these statements at the time could reasonably have been viewed as baseless. Even if we thought counsel's choice was not reasonable, we cannot say that it was unreasonable for the State Court to take the contrary view. Because we accord State court decisions a double measure of deference on Strickland challenges, we are hard put to say on this record that there was "[no] possibility for fairminded disagreement" that Smith's trial counsel provided ineffective assistance. Vega, 669 F.3d at 126.

## CONCLUSION

For the foregoing reasons, we REVERSE the decision of the District Court.