14-1861-pr
*Fulton v. Graham*

# United States Court of Appeals

## FOR THE SECOND CIRCUIT

————

August Term, 2014

(Argued: May 13, 2015     Decided: September 11, 2015)

Docket No. 14-1861-pr

————

DERRICK FULTON,

*Petitioner-Appellant,*

–v.–

HAROLD GRAHAM, Superintendent,

*Respondent-Appellee.*[*]

————

B e f o r e :

STRAUB, PARKER, and CARNEY, *Circuit Judges.*

————

Petitioner Derrick Fulton appeals from the May 6, 2014 judgment of the United States District Court for the Northern District of New York (Mae A.

---

[*] The Clerk of Court is respectfully directed to amend the official caption in this case to conform with the caption above.

D'Agostino, *Judge*) adopting the Report and Recommendation of a Magistrate Judge (Andrew T. Baxter, *Judge*) denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Fulton contends that the District Court erred in deferring to the state court's determination that he failed to preserve his ineffective assistance of counsel claim by not raising it on direct appeal in his state court proceedings. We agree. We also conclude that, upon further development of the factual record, Fulton may be able to demonstrate constitutionally unreasonable performance of his counsel during the plea process. Accordingly, we VACATE the judgment of the District Court and REMAND the cause for further proceedings.

————————

RANDOLPH Z. VOLKELL, Merrick, NY, *for Petitioner-Appellant.*

ALYSON J. GILL, Chief, Federal Habeas Corpus Section, Office of the Attorney General (Barbara D. Underwood, Solicitor General, Nikki Kowalski, Deputy Solicitor General for Criminal Matters, and Daniel J. Jawor, Assistant Attorney General, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY, *for Respondent-Appellee.*

————————

SUSAN L. CARNEY, *Circuit Judge*:

Petitioner Derrick Fulton appeals from the May 6, 2014 judgment of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *Judge*) adopting the Report and Recommendation of a Magistrate Judge (Andrew T. Baxter, *Judge*) denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Fulton contends that the District Court erred in deferring

to the state court's determination that he failed to preserve his ineffective assistance of counsel claim by not raising it on direct appeal in his state court proceedings. We agree. We also conclude that, upon further development of the factual record, Fulton may be able to demonstrate constitutionally unreasonable performance of his counsel during the plea process. Accordingly, we VACATE the judgment of the District Court and REMAND the cause for further proceedings.

## BACKGROUND

On February 27, 2008, an Oneida County, New York grand jury charged Fulton with two counts of burglary in the first degree, in violation of N.Y. Penal Law §§ 140.30(2), (4); one count of robbery in the first degree, in violation of N.Y. Penal Law § 160.15(4); and two counts of robbery in the second degree, in violation of N.Y. Penal Law §§ 160.10(1), (2)(a). As Fulton now recounts, before trial, the state prosecutor offered him a plea agreement under which he would have received a ten-year term of imprisonment and a five-year term of post-release supervision. Fulton avers that his trial counsel "failed to discuss" with him "the pros and cons of accepting the plea offer" and provided "no guidance" about whether he should accept the plea offer or proceed to trial. App. 28 (Fulton Aff. ¶¶ 8, 9). Fulton rejected the plea offer and proceeded to trial.

3

At his two-day jury trial in May 2008, Fulton presented no evidence. The jury returned a verdict of guilty on all counts.

In August 2008, the state court sentenced Fulton, a second felony offender, to twenty years' imprisonment and five years' post-release supervision on each of the two burglary counts, and fifteen years' imprisonment with five years' post-release supervision on each of the two counts of robbery in the second degree. These four sentences were to run concurrently. The state court also sentenced Fulton to twenty years' imprisonment with five years' post-release supervision on the count of robbery in the first degree, to be served consecutively to the other prison terms. All told, Fulton received an effective sentence of forty years' imprisonment and five years' post-release supervision. On Fulton's counseled direct appeal, the Appellate Division affirmed Fulton's conviction and sentence, and the New York Court of Appeals denied leave to appeal. *See People v. Fulton*, 899 N.Y.S.2d 705 (App. Div. 4th Dep't), *leave denied*, 15 N.Y.3d 952 (2010).

Proceeding *pro se*, Fulton then moved the state trial court under N.Y. Criminal Procedure Law § 440.10 ("§ 440.10") to vacate his conviction. He argued principally that his trial counsel was ineffective for failing adequately to advise him regarding the plea offer. The state court denied Fulton's motion to vacate, resting its decision on the directive in § 440.10(2)(c) that the court deny a

4

motion to vacate a judgment when the errors claimed are record-based and therefore could have been raised on direct appeal. The court ruled that Fulton's ineffective assistance claim was record-based, and, because Fulton failed to raise it on direct appeal, the claim could not serve as grounds for § 440.10 relief. The state court also commented that Fulton received constitutionally effective assistance of counsel and that were it to rule on the matter, it would hold that his ineffective assistance claim was meritless. The Appellate Division denied leave to appeal this decision. *See People v. Fulton*, No. KA 12-00293 (App. Div. 4th Dep't Mar. 19, 2012).

Still proceeding *pro se*, Fulton next petitioned the United States District Court for the Northern District of New York for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, again contending, among other things, that he received constitutionally ineffective assistance of counsel. A Magistrate Judge accepted the state court's finding that Fulton's claim was procedurally defaulted under § 440.10(2)(c) and concluded that this default constituted an independent and adequate state ground precluding federal habeas review. Over Fulton's objection, the District Court adopted the Magistrate Judge's Report and Recommendation, denied Fulton's petition, and dismissed the action.

5

In 2014, our Court granted Fulton's *pro se* motions for leave to proceed *in forma pauperis* and for a certificate of appealability on the following issues: (1) whether the District Court erred in deferring to the state court's determination that Fulton's ineffective assistance claim was procedurally defaulted; and (2) whether Fulton "stated an ineffective assistance claim." Order, *Fulton v. Rock*, No. 14-1861 (Aug. 29, 2014), ECF No. 23. We also ordered, for purposes of his appeal, that Fulton be appointed counsel. *Id.*

## DISCUSSION

### I. Procedural Default Under § 440.10

We review *de novo* the District Court's denial of Fulton's § 2254 petition for a writ of habeas corpus. *Harris v. Kuhlmann*, 346 F.3d 330, 342 (2d Cir. 2003).

In habeas proceedings concerning a state prisoner, a federal court is required to presume that a state court's factual findings are correct and to place on the petitioner the burden of rebutting this presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). A federal habeas court also may not review a related state court decision if that decision rests on a state law ground that is "independent of the federal question and adequate to support the judgment." *Cone v. Bell*, 556 U.S. 449, 465 (2009) (internal quotation marks omitted). This prudential rule applies "whether the state law ground is

6

substantive or procedural." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). In line with these directives, the District Court concluded that Fulton had failed to rebut the presumption that the state court correctly found that Fulton's ineffective assistance claim was record-based and therefore barred by § 440.10(2)(c). On that basis, the District Court ruled that the independent and adequate state grounds doctrine barred its review of Fulton's ineffective assistance claim.

A federal habeas court may examine the state ground for decision to determine whether it is independent of the federal claim and adequate to preclude federal habeas review. *See Whitley v. Ercole*, 642 F.3d 278, 286 (2d Cir. 2011). Ordinarily, we "assess the adequacy of a state ground of decision by examining whether the rule upon which the state court relied is firmly established and regularly followed." *Downs v. Lape*, 657 F.3d 97, 102 (2d Cir. 2011) (internal quotation marks omitted). In exceptional cases, however, the "exorbitant application of a generally sound rule renders the state ground inadequate" and will not prevent a federal court's consideration of the federal question presented. *Lee v. Kemna*, 534 U.S. 362, 376 (2002). An evaluation of whether a case presents such exceptional circumstances begins by scrutinizing three non-exclusive considerations:

7

>    (1) whether the alleged procedural violation was actually relied on in the trial court, and whether perfect compliance with the state rule would have changed the trial court's decision;
>    (2) whether state caselaw indicated that compliance with the rule was demanded in the specific circumstances presented; and
>    (3) whether petitioner had substantially complied with the rule . . . and, therefore, whether demanding perfect compliance with the rule would serve a legitimate governmental interest.

*Cotto v. Herbert*, 331 F.3d 217, 240 (2d Cir. 2003) (internal quotation marks omitted).

In assessing the contours of a state court's denial of collateral review because of a petitioner's failure to raise an issue on direct appeal, we focus on the second of the *Cotto* guideposts. *See, e.g.*, *Clark v. Perez*, 510 F.3d 382, 391–92 (2d Cir. 2008). "The second *Cotto* factor considers whether state case law indicates that compliance with a procedural rule *was required* under the specific circumstances of the case." *Id.* at 392 (emphasis added). Here, the state court based its decision on the procedural rule articulated in § 440.10(2)(c). Section 440.10(2)(c) requires the state court to deny a motion to vacate a judgment when, "[a]lthough sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure [to raise

8

the issue on direct appeal]."  As we have commented in the past, "[t]he purpose of this rule 'is to prevent [Section] 440.10 from being employed as a substitute for direct appeal when [the] defendant was in a position to raise an issue on appeal . . . or could readily have raised it on appeal but failed to do so.'"  *Sweet v. Bennett*, 353 F.3d 135, 139 (2d Cir. 2003) (quoting *People v. Cooks*, 67 N.Y.2d 100, 103 (1986)) (brackets in original).  But the weight of state case law suggests that New York courts do not ordinarily apply § 440.10(2)(c) to bar claims of ineffective assistance based on out-of-court conversations between a defendant and his counsel.  Indeed, our review of state court authority suggests the opposite: state courts ordinarily demand that such ineffective assistance claims be brought in collateral proceedings, rather than on direct appeal.

For example, in *People v. Haffiz*, 19 N.Y.3d 883 (2012), the New York Court of Appeals determined on direct appeal that a claim of ineffective assistance of counsel premised on defense counsel's alleged failure to inform his client whether his plea carried the risk of deportation was "predicated on hearsay matters and facts not found in the record on appeal," and therefore "should be raised in a postconviction application under CPL article 440, where the basis of the claim may be fully developed." *Id.* at 885.  *Haffiz* reiterates what the New York Court of Appeals has long held: "Generally, the ineffectiveness of counsel is

9

not demonstrable on the main record . . . . Consequently, in the typical case it would be better, and in some cases essential, that an appellate attack on the effectiveness of counsel be bottomed on an evidentiary exploration by collateral or post-conviction proceeding brought under CPL 440.10." *People v. Brown*, 45 N.Y.2d 852, 853–54 (1978). Accordingly, under New York law, when, as here, "a defendant's complaint about counsel is predicated on factors such as . . . advice or preparation that do not appear on the face of the record, the defendant *must* raise his or her claim via a CPL 440.10 motion." *People v. Peque*, 22 N.Y.3d 168, 202 (2013) (emphasis added); *see also People v. Harris*, 491 N.Y.S.2d 678, 687 (App. Div. 2d Dep't 1985) ("The instant claim of ineffective assistance, predicated entirely, as it is, upon alleged faulty legal advice given by counsel, appears to be one preeminently necessitating CPL article 440 review.").

Thus, New York courts and those applying New York law routinely conclude that an ineffective assistance claim premised on out-of-court conversations between a defendant and trial counsel—such as Fulton raises here—not only fall outside the scope of the rule, but *must* be brought in a § 440.10 proceeding. Only in cases in which the trial record clearly reflects the adequacy of counsel's performance has § 440.10(2)(c) been applied to bar federal review. *See, e.g.*, *Sweet*, 353 F.3d at 140 (applying § 440.10(2)(c) to bar an ineffective

10

assistance of counsel claim, related to counsel's failure to object to a jury charge, that was "particularly well-established in the trial record").

Here, the trial record does not clearly reflect the adequacy of counsel's advice. In denying Fulton's § 440.10 motion to vacate, the state court explained that § 440.10(2)(c) barred Fulton's claim because "[t]he matter was adjourned on two occasions at the request of the defendant, and [thereafter, at a hearing held] on March 26, 2008, the defendant rejected the [plea] offer." App. 46. In its review, the District Court surmised that "[the state court judge] expressly relied upon assertions of fact made [in] the apparently absent transcript [of the March 26 hearing] in rendering his judgment." *Fulton v. Rock*, No. 9:12-CV-672 (MAD/ATB), 2014 WL 1794587, at *10 (N.D.N.Y. May 6, 2014). Although the state court judge was himself present at the pivotal hearing, it is not apparent that he had the benefit of a transcript of that hearing in later rendering his decision on Fulton's § 440.10 motion. It is clear, however, that no such transcript was available for review by the District Court. Indeed, on appeal, the parties first represented (in good faith, we do not doubt) that none was available. Nonetheless, our Clerk of Court was able to obtain a copy of the relevant

11

transcript of the March 26 hearing, and we have been able to examine that record of Fulton's rejection of the government's plea.[1]

The transcript, although brief, reveals the following. Fulton's trial counsel reported to the trial court: "I've had an opportunity to speak thoroughly with [Fulton] about [the plea offer], and it's my understanding he's not inclined to accept the offer." Tr. 2. Fulton then answered, "No, sir," to the court's question, "So you don't want to take this?" *Id.* The court next stated the elements of the plea offer and orally outlined the nature of the charges and worst-case sentencing possibilities, with Fulton repeatedly acknowledging the court's statements by saying, "Yes, sir." Although the possible sentencing outcomes described and contrasted by the state court judge seemed to present a stark choice for Fulton, the transcript does not reflect any advice that counsel provided Fulton during the hearing. Nor does it anywhere reflect the substance of any out-of-court conversations between Fulton and his trial counsel with respect to the relative risks and merits of Fulton's choice. The court's mention during the hearing of the prior "adjournments," *see id.*, suggests that counsel and Fulton had "an *opportunity* to speak thoroughly" about the offer, as Fulton's counsel

---

[1] A copy of the transcript is now publicly available on the docket for this appeal. *See* Order, *Fulton v. Rock*, No. 14-1861 (Apr. 28, 2015), ECF No. 73.

12

reported, but we fail to see a record basis for determining with any confidence what the substance of those discussions was or what advice counsel gave.

In these circumstances, we can only conclude that the state court's reliance on § 440.10(2)(c) to bar Fulton's claim represents an "exorbitant application" of the state rule. *Lee*, 534 U.S. at 376. The District Court thus erred by deferring to the state court's determination that Fulton's claim was procedurally barred and by denying his § 2254 petition on that basis.

## II.   Merits of the Ineffective Assistance Claim

Because we cannot defer to the state court's determination of the asserted procedural default, we turn next to the merits of Fulton's underlying ineffective assistance claim, a matter that the District Court had no occasion to address.

Although in its decision denying Fulton's § 440.10 motion, the state court commented on the merits of his ineffective assistance claim, its commentary does not constitute a decision on the merits for purposes of 28 U.S.C. § 2254(d). When a state court's "discussion of the merits was preceded by a contrary-to-fact construction," then "the wording of the opinion reflects that the disposition was not premised on the court's view of the merits." *Bell v. Miller*, 500 F.3d 149, 155 (2d Cir. 2007); *see also Clark*, 510 F.3d at 394 (finding that the state court did not decide a claim "on the merits" even though the merits were discussed "in detail,"

13

because "the discussion was by way of explanation for the statement that '*were the court to consider defendant's claim . . . it would find the claim completely meritless*'" (emphases added)).  Here, the state court concluded that Fulton's ineffective assistance claim could not serve as grounds for § 440.10 relief because it was record-based and Fulton failed to raise the claim on direct appeal.  The state court then introduced its discussion of the merits of Fulton's ineffective assistance claim as follows:  "However, *if this court were to consider* the defendant's claim of ineffective assistance of counsel, the motion *would* similarly be denied."  App. 45–46 (emphases added).  By employing this "contrary-to-fact construction," the state court announced that it was *not* basing its judgment on the merits of the federal claim, but rather on a state procedural bar.[2]  Accordingly, we review the merits of Fulton's ineffective assistance claim *de novo*.  *See Bell*, 500 F.3d at 155.

---

[2] Recently, in *Fischer v. Smith*, 780 F.3d 556 (2d Cir. 2015), we treated a petitioner's claim as having been adjudicated on the merits despite the state court's initial statement that it "declined to reach the merits" of the defendant's ineffective assistance claim, *id.* at 560 (brackets omitted). There, the state court's introductory language was belied by the detailed discussion of the merits that followed, and we decided, "in the particular circumstances of [that] case," to "view the decision as addressing the merits of [the defendant's] claim." *Id.* at 561.  Here, unlike in *Fischer*, the state court began its discussion of the merits with a contrary-to-fact construction that followed a definitive determination on state procedural grounds.  We conclude that the analysis that followed here (as in *Bell* and *Clark*) served merely to address the counter-factual supposition, rather than to act as an alternative holding.

14

To prevail on a claim of ineffective assistance of counsel, a petitioner must make two showings. First, he must demonstrate that his counsel's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Second, he must establish that he suffered prejudice—in this context, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

In the plea negotiation context, our Court has recognized that it is "a lawyer's general duty to advise a defendant concerning acceptance of a plea bargain." *Cullen v. United States*, 194 F.3d 401, 404 (2d Cir. 1999). Giving adequate advice should usually include, of course, providing information about "the strengths and weaknesses of the case against [the defendant], as well as the alternative sentences to which he will most likely be exposed." *Purdy v. United States*, 208 F.3d 41, 45 (2d Cir. 2000). Because counsel must avoid both failing to give advice and coercing a plea, "[c]ounsel's conclusion as to how best to advise a client . . . enjoys a wide range of reasonableness." *Id.* But a defense counsel's performance is unreasonable "when it is so deficient that it falls outside the 'wide range of professionally competent assistance.'" *Kovacs v. United States*, 744 F.3d 44, 50 (2d Cir. 2014) (quoting *Strickland*, 466 U.S. at 690).

15

To establish prejudice when, as here, ineffective assistance is alleged to have resulted in a rejection of a plea offer and the defendant is convicted at the ensuing trial, "a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012). The Supreme Court requires a three-part showing of such a defendant. He must demonstrate that: (1) "but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court," (2) "the court would have accepted its terms," and (3) "the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Id.* at 1385.

Although they may later be subject to challenge, Fulton's sworn assertions provide sufficient reason at this stage to believe that he may be entitled to relief upon further development of the relevant facts. For example, Fulton avers that counsel offered "no guidance" during plea negotiations and "failed to discuss the pros and cons of accepting the plea offer," including "the weaknesses in the defense" and that "the evidence of guilt was overwhelming." App. 28 (Fulton Aff. ¶¶ 8, 9). Moreover, Fulton maintains that he "was interested in the plea, due to the physical evidence against him," but that his "inability to discuss the facts,

16

evidence or law with counsel" led him instead to proceed to trial. App. 27 (Fulton Aff. ¶ 5).

If Fulton's assertions are borne out, he thus may be able to demonstrate unreasonable performance of his defense counsel during the plea process. And the significant disparity between the plea offer and the sentence imposed roundly supports at least one aspect of a finding of prejudice: the plea offer that was available to Fulton would have made him eligible for a ten-year sentence of incarceration—obviously, far less than the effective forty-year sentence that he received after trial. We therefore conclude that Fulton's ineffective assistance claim is substantial enough to warrant further factual development in the District Court. *See Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997) (recognizing that, when "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry" (alteration in original) (internal quotation marks omitted)).

On this record, moreover, we see no basis to conclude that Fulton "failed to develop the factual basis of [his] claim in State court proceedings" in any way that would disentitle him from the opportunity for further factual development

17

in federal court. 28 U.S.C. § 2254(e)(2). The Supreme Court has observed that "a failure to develop the factual basis of a claim is not established unless there is a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams v. Taylor*, 529 U.S. 420, 432 (2000). It is our view that a habeas petitioner generally demonstrates the requisite diligence when, as here, he requests an evidentiary hearing in conjunction with a § 440.10 motion that concerns out-of-court conduct. *Cf. Drake v. Portuondo*, 321 F.3d 338, 346-47 (2d Cir. 2003).

Accordingly, we remand the cause for further proceedings consistent with this opinion. On remand, the District Court "may direct the parties to expand the record by submitting additional materials relating to the petition" including affidavits or other documents. Rules Governing Section 2254 Cases in the United States District Courts, Rule 7(a). It should consider, further, whether an evidentiary hearing is warranted. *See id.* Rule 8(a). Additional proceedings may also provide an important opportunity for Fulton's trial counsel "to be heard and to present evidence, in the form of live testimony, affidavits, or briefs." *Sparman v. Edwards*, 154 F.3d 51, 52 (2d Cir. 1998) (per curiam) (explaining that a district court evaluating an ineffective assistance of counsel claim should provide such an opportunity to counsel "except in highly unusual circumstances").

## CONCLUSION

For the reasons above, we VACATE the judgment of the District Court and REMAND the cause for further proceedings consistent with this opinion.