*Kelley v. Larkin*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**<u>SUMMARY ORDER</u>**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of February, two thousand seventeen.

PRESENT:
        PIERRE N. LEVAL,
        GUIDO CALABRESI,
        SUSAN L. CARNEY,
        *Circuit Judges.*

_____

BEN KELLEY,
        *Petitioner-Appellant,*

      v.                                No. 15-1604

ROLLIN LARKIN,
        *Respondent-Appellee.*

_____

FOR PETITIONER-APPELLANT:      ROBERT A. CULP, Garrison, NY.

FOR RESPONDENT-APPELLEE:      MICHAEL J. MILLER, Assistant District Attorney, *for* Thomas J. Spota, District Attorney of Suffolk County, Riverhead, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Korman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the April 27, 2015 judgment of the District Court is **AFFIRMED**.

After a jury trial in New York state court, petitioner-appellant Ben Kelley was convicted of second-degree felony murder under New York Penal Law § 125.25(3), arising from his participation in an armed robbery of a Radio Shack in Oakdale, New York. The evidence against him included a confession obtained after police arrested and held him for approximately fifteen hours, during which time he was taken to the hospital for evaluation of injuries he sustained during the arrest. Before trial, Kelley sought, unsuccessfully, to suppress the confession on the ground that it was given involuntarily. In post-conviction proceedings, the New York courts rejected Kelley's efforts to overturn the judgment. Kelley then filed the instant 28 U.S.C. § 2254 habeas petition in the District Court, which denied the petition. He has now appealed that denial. He argues (1) that the confession should have been suppressed because it was involuntary, (2) that his trial counsel was ineffective for failing to pursue and present evidence that he was given opioid medications while at the hospital before confessing, and (3) that the prosecution violated the Confrontation Clause by inviting the jury to infer that his codefendants had implicated him in the robbery while they were briefly together in the same police interrogation room. We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision to affirm.

We review the District Court's denial of the petition *de novo*. *Clark v. Perez*, 510 F.3d 382, 389 (2d Cir. 2008). As to the state court's decision on the merits, we ask whether the decision "was contrary to, or involved an unreasonable application of, clearly established Federal law" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Kelley has failed to show that it was unreasonable for the state court to reject his claim that the confession was involuntarily given. A court reviewing the totality of circumstances surrounding Kelley's confession could reasonably conclude that his "will was [not] overborne

2

by the police." *United States v. Taylor*, 745 F.3d 15, 25 (2d Cir. 2014) (internal quotation marks omitted).

The testimony about the medications that Kelley received came to light only at trial, after the suppression motion had been denied, and trial counsel did not renew the motion or move to reopen the suppression hearing. These circumstances make it doubtful, at best, that the testimony is properly part of the record to which we may refer in reviewing the reasonableness of the state court's decision. Even taking account of that testimony, however, we find the state court's decision to be reasonable. The record reveals almost nothing about the effects of the medications he received. It does not suggest that the medications had any adverse effects on his coherence, lucidity, or competence to confess. Further, we are directed to no record evidence that the police knew about, much less exploited, any effects that the medications might have had on Kelley. *See Colorado v. Connelly*, 479 U.S. 157, 167 (1986) (rejecting the view that the Due Process Clause requires "sweeping inquiries into the state of mind of a criminal defendant who has confessed . . . divorced from any coercion brought to bear on the defendant by the State").

Kelley's ineffective-assistance claim also lacks merit. "To succeed on a claim of ineffective assistance of counsel in violation of the Sixth Amendment . . . a defendant must demonstrate (1) that his attorney's performance 'fell below an objective standard of reasonableness,' and (2) that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Wilson v. Mazzuca*, 570 F.3d 490, 502 (2d Cir. 2009) (citations omitted) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)). "The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Fischer v. Smith*, 780 F.3d 556, 561 (2d Cir. 2015) (internal quotation marks omitted).

It was not unreasonable for the state court to conclude that Kelley failed to meet *Strickland*'s standards. As to *Strickland*'s second prong, it would be reasonable to conclude that no prejudice resulted from trial counsel's omissions, given the weaknesses in the

3

involuntariness argument and the substantial incriminating evidence aside from Kelley's confession.

We also deny Kelley's request that we remand the case for further factual development of the ineffective-assistance claim. In reviewing a state court's decision on the merits under § 2254(d), federal courts are generally not permitted to expand the record beyond what was before the state court. *See Cullen v. Pinholster*, 563 U.S. 170, 181-85 (2011). Also, Kelley has not described in any detail the evidence that he would expect to be developed on remand and that could render his habeas claims meritorious.

Finally, Kelley's Confrontation Clause claim fails. If the prosecution's presentation of the testimony regarding Kelley's encounter with his codefendants invited any inference, it was that Kelley confessed because he *feared* that his codefendants might cooperate with the authorities and implicate him, or might have already done so. That inference, unlike a suggestion by the prosecution that a codefendant had implicated Kelley, raises no Confrontation Clause concern.

* * *

We have considered Kelley's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4