15-2412-pr
Hudyih v. Smith

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of March, two thousand seventeen.

PRESENT: REENA RAGGI,
　　　　　 DENNY CHIN,
　　　　　 SUSAN L. CARNEY,
　　　　　　　　 *Circuit Judges*.

-------------------------------------------------------------------------

RASHAD HUDYIH,

　　　　　　　　 *Petitioner-Appellant*,


　　　　　　v.　　　　　　　　　　　　　　　　No. 15-2412-pr


JOSEPH T. SMITH,

　　　　　　　　 *Respondent-Appellee*.

-------------------------------------------------------------------------

APPEARING FOR APPELLANT:　　JANE S. MEYERS, Law Office of Jane S. Meyers, Brooklyn, New York.

APPEARING FOR APPELLEE:　　LISA M. DENIG, Assistant District Attorney (Steven A. Bender, William C. Milaccio, Assistant District Attorneys, *on the brief*), *for* James A. McCarty, Acting District Attorney of Westchester County, White Plains, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Shira A. Scheindlin, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on July 2, 2015, is AFFIRMED.

Rashad Hudyih, who stands convicted following a jury trial of attempted murder in the second degree and criminal weapon possession in the second degree, *see* N.Y. Penal Law §§ 110.00, 125.25, 265.03, appeals from the denial of his 28 U.S.C. § 2254 petition for habeas corpus relief. We review the denial of such a petition *de novo*, *see Freeman v. Kadien*, 684 F.3d 30, 33 (2d Cir. 2012), and here address the sole issue on which the district court granted a certificate of appealability: Hudyih's claim that trial counsel was constitutionally ineffective in failing to obtain the murder victim's "blood test results or a test of [his] blood-stained clothing." *Hudyih v. Smith*, No. 12-CV-1761 (SAS), 2015 WL 4040566, at *10 (S.D.N.Y. July 1, 2015). We construe this certification to include the question of whether the claim was procedurally defaulted. In conducting our review, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.   Procedural Default

The New York County Court, which issued the "last reasoned state judgment" on Hudyih's ineffective assistance claim, *Jones v. Stinson*, 229 F.3d 112, 118 (2d Cir. 2000) (internal quotation marks omitted), held that

> the facts of defendant's claim are a matter of record and are therefore improperly raised herein, as it is well established that a CPL § 440.10 motion with respect to the claimed ineffectiveness of counsel that is based upon matters in the record cannot be made as a substitute for a direct appeal from the judgment.

2

J.A. 1261 (citing N.Y. Crim. Proc. Law § 440.10(2)(c)).

A federal habeas court may not review a state court decision that rests on a state law ground "independent of the federal question and adequate to support the judgment." *Cone v. Bell*, 556 U.S. 449, 465 (2009) (internal quotation marks omitted). We may, however, examine the state ground for decision to determine whether it is independent and adequate so as to preclude further review. *See Fulton v. Graham*, 802 F.3d 257, 262 (2d Cir. 2015). Hudyih does not dispute that § 440.10(2)(c) constitutes an independent state law ground for denial, but he does dispute its adequacy.

We will find a state law bar inadequate only where it is not "firmly established and regularly followed," *Walker v. Martin*, 562 U.S. 307, 316 (2011) (internal quotation marks omitted), or where we are otherwise faced with an "exorbitant application of a generally sound rule," *Lee v. Kemna*, 534 U.S. 362, 376 (2002). While Hudyih's briefs are somewhat unclear as to whether he is arguing inadequacy on the former or the latter theory, his focus on the "guideposts" set out in *Cotto v. Herbert*, 331 F.3d 217, 240 (2d Cir. 2003), suggests that it is the latter.

The second *Cotto* guidepost asks whether state case law indicates that compliance with the rule is demanded in the specific circumstances presented. *See Fulton v. Graham*, 802 F.3d at 262; *Cotto*, 331 F.3d at 240. *Fulton* concluded that New York precedent does not ordinarily apply § 440.10(2)(c) to bar claims of ineffective assistance "*based on out-of-court conversations* between a defendant and his counsel." 802 F.3d at 263 (emphasis added). That, however, is not this case. Hudyih complains of ineffectiveness in failing to test forensic evidence, a claim that New York courts will hear

3

on direct appeal. *See, e.g.*, *People v. Yourdon*, 142 A.D.2d 998, 998, 530 N.Y.S.2d 419, 420 (4th Dep't 1988). Moreover, *Fulton* acknowledged that New York courts apply § 440.10(2)(c), as occurred here, where the adequacy of counsel's performance could be assessed on direct appeal from the trial record. *See Fulton v. Graham*, 802 F.3d at 263; *People v. Carter*, 105 A.D.3d 1149, 1150, 963 N.Y.S.2d 419, 421 (3d Dep't 2013).

Accordingly, because Hudyih's was a record-based claim, state case law confirms that compliance with § 440.10(2)(c) was necessary in the circumstances of his case, and the claim is thus procedurally barred.

2.     Merits

To secure review of a defaulted claim, a petitioner must show cause for the default and ensuing prejudice or actual innocence. *See Gutierrez v. Smith*, 702 F.3d 103, 111 (2d Cir. 2012). For the reasons stated by the district court, which we here adopt, we conclude that Hudyih fails to show either cause or actual innocence. *See Hudyih v. Smith*, 2015 WL 4040566, at *8–9. Thus, he cannot pursue these claims in seeking federal habeas relief.

3.     Conclusion

Having considered Hudyih's remaining arguments and concluded that they are without merit, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4