16-1532-pr
Momplaisir v. Capra

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 12th day of April, two thousand eighteen.

Present:     JOHN M. WALKER
             ROSEMARY S. POOLER,
                       *Circuit Judges*.
             DENISE COTE,[1]
                       *District Judge*.

_____

EDDY MOMPLAISIR,

                       *Petitioner-Appellant*,

             v.                                          No. 16-1532-pr

MICHAEL CAPRA,

                       *Respondent-Appellee*.

_____

Appearing for Appellant:     Bryan J. Leitch, Morrison & Foerster LLP (Marc A. Hearron, *on the brief*), Washington, D.C.

---

[1] Judge Denise Cote, United States District Court for the Southern District of New York, sitting by designation.

Appearing for Appellee:      Margaret Cieprisz, Assistant Attorney General, Office of the Attorney General (Barbara D. Underwood, Solicitor General, Nikki Kowalski, Deputy Solicitor General for Criminal Matters, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, N.Y.

Appeal from the United States District Court for the Southern District of New York (Crotty, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED IN PART, VACATED IN PART, and REMANDED.**

Petitioner-Appellant Eddy Momplaisir appeals from the March 17, 2016 judgment of the United States District Court for the Southern District of New York (Crotty, *J.*), denying his petition for writ of habeas corpus under 28 U.S.C. § 2254. Momplaisir is in custody pursuant to a judgment of the Supreme Court of the State of New York, New York County, following convictions for a forcible rape on or about January 4, 2006, for which he was sentenced principally to 15 years' imprisonment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Pursuant to this Court's certificate of appealability**,** Momplaisir has raised three arguments regarding his trial counsel's allegedly ineffective performance in preparation for trial: (1) that his lawyer failed to consult a rebuttal expert to challenge the state's DNA expert regarding the presence of his DNA on his own boxer shorts; (2) that his lawyer failed to seek the complainant's medical records; and (3) that his lawyer failed to investigate whether there were additional witnesses that could testify to the existence of a romantic relationship between Momplaisir and the complainant. The state contends each of these arguments is procedurally barred and meritless.

These three arguments are not procedurally barred from federal habeas review for failure to raise them on direct appeal. The state court barred each of these claims under CPL § 440.10(2)(c); the key requirement for application of the provision is that the facts supporting the claim must be apparent from the trial record, making that claim capable of review on direct appeal. That requirement was not met in this case for these three claims. Claims of inadequate investigation based largely or entirely on out-of-court conduct are only rarely reviewable on the trial record, and this is not such a case. *See Fulton v. Graham*, 802 F.3d 257, 263-64 (2d Cir. 2015) ("Only in cases in which the trial record clearly reflects the adequacy of counsel's performance has § 440.10(2)(c) been applied to bar federal review."). Because each of these claims "ultimately turns on facts appearing outside the record," the state court's application of this procedural bar to these claims was exorbitant, rendering it inadequate to preclude federal review. *Pierotti v. Walsh*, 834 F.3d 171, 179 (2d Cir. 2016); *see Fulton*, 802 F.3d at 263. Notably, although the state defends the application of these procedural bars on appeal, the state itself expressly waived the procedural bar as to the third claim below.

The parties agree that, if these claims are not procedurally barred, they are reviewed *de novo*. To prevail on a claim of ineffective assistance of counsel, a petitioner must show (1) that his counsel's representation "fell below an objective standard of reasonableness", and (2) that he suffered prejudice, which requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). In order for a petitioner to establish an entitlement to an evidentiary hearing, he must show that his allegations, taken as true, would entitle him to federal habeas corpus relief. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). These allegations must be supported by "specific facts which he is in a position to establish by competent evidence," and "hearsay statements will not normally entitle the applicant to a hearing." *LoCascio v. United States*, 395 F.3d 51, 57 (2d Cir. 2005) (citation omitted) (addressing 28 U.S.C. § 2255 petition). A petitioner, however, "may need only to identify available sources of relevant evidence rather than obtain it . . . or seek a discovery order from the court." *Puglisi v. United States*, 586 F.3d 209, 213-14 (2d Cir. 2009) (addressing § 2255 petition).

Momplaisir's claims related to the inadequate investigation of the DNA evidence and the complainant's medical records do not merit an evidentiary hearing, because the allegations underlying the claims, taken as true, do not establish prejudice under *Strickland*. On cross-examination, defense counsel established that it would not be unusual to find a person's DNA on his own underwear. Momplaisir has not adequately shown that any additional expert could have cast significant additional doubt on the import of this evidence beyond what he had already established. Nor is this evidence material to the defense offered at trial.

Similarly, the claim regarding the investigation into the complainant's gynecological records is too sparsely supported to show prejudice, and therefore does not merit an evidentiary hearing. Although petitioner contends that his counsel should have obtained complainant's records of past serious gynecological problems, he has failed to articulate what relevant evidence these medical records could have contained, or how any medical problem complainant had could have provided an alternate explanation for the visible, recent abrasions that the state's expert observed and described as consistent with forcible sex. Accordingly, petitioner is not entitled to habeas relief on this ground.

Petitioner's final claim, regarding counsel's alleged failure to interview witnesses who would testify to the existence of a romantic relationship between him and the complainant, may merit an evidentiary hearing. Petitioner's allegations, taken as true, go to the heart of his defense. The existence of a long-term intimate relationship between complainant and petitioner, in addition to increasing the likelihood that any sexual contact was consensual, would have been relevant to the complainant's credibility, and to the complainant's motivation to fabricate the charges. Accordingly, if counsel failed to reasonably investigate whether such witnesses existed, and what they could testify to, that could constitute deficient performance and have resulted in prejudice. On remand, the district court should determine whether petitioner has shouldered his burden to establish his entitlement to an evidentiary hearing, in view of the standards above, and if so, to hold that hearing.

3

We have considered Momplaisir's remaining arguments and find them to be without merit.  Accordingly, the judgment of the district court is hereby AFFIRMED IN PART and VACATED IN PART, and the cause is REMANDED for further proceedings consistent with this Order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk