21-2584-cv
*Magassouba v. Cascione, Purcigliotti, & Galluzzi, P.C.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of October, two thousand twenty-two.

PRESENT:
DENNIS JACOBS,
ROBERT D. SACK,
BETH ROBINSON,
*Circuit Judges.*

_____

MOUSTAPHA MAGASSOUBA,

*Plaintiff-Appellant*,

v.                                                                    No. 21-2584

CASCIONE, PURCIGLIOTTI, & GALLUZZI, P.C., MICHAEL J. GALLUZZI, ROBERT A. PURCIGLIOTTI, THOMAS G. CASCIONE, KELLY L. MURTHA,

*Defendants-Appellees*,

THOMAS G. GLASCIONE, KELLY L. MARTA,

*Defendants.*

_____

FOR PLAINTIFF-APPELLANT:    Moustapha Magassouba, *pro se*, New York, NY.

FOR DEFENDANTS-APPELLEE:    Thomas Gerard Cascione, Cascione, Purcigliotti & Galluzzi, P.C., East Chester, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Engelmayer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

In 2020, Moustapha Magassouba, pro se, sued the law firm Cascione, Purcigliotti, & Galluzzi, P.C.—and attorneys Michael J. Galluzzi, Robert A. Purcigliotti, Thomas G. Cascione, and Kelly L. Murtha—pursuant to 42 U.S.C. § 1983 and New York state law, alleging violations of his constitutional rights and legal malpractice based on their legal representation from 2002–2009 in connection with a lawsuit he had filed in New York Supreme Court. The district court granted the defendants' motion to dismiss, determining that (1) *res judicata*[1]

_____

[1] As set forth more fully below, "*res judicata*" is the legal principle that bars the same parties from litigating a second lawsuit based on the same claim, or "any other claim arising from the same transaction or series of transactions" that could have been raised in the first suit. *Black's*

barred Magassouba's claims because he had filed an action in state court in 2018 raising the same claims against the same defendants; (2) his claims were time-barred by New York's statute of limitations for legal malpractice; and (3) he failed to state a § 1983 claim. Magassouba appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the dismissal of a complaint pursuant to Rule 12(b)(6) without deference to the district court, accepting all factual allegations in a complaint as true and drawing all reasonable inferences in the nonmovant's favor. *Crawford v. Cuomo*, 796 F.3d 252, 256 (2d Cir. 2015). We also afford pro se litigants "special solicitude" by interpreting a complaint "to raise the strongest claims that it suggests." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (internal quotation marks and alterations omitted). In conducting our review of a dismissed complaint, we may consider documents that are "integral to the complaint," *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (internal quotation marks omitted), and documents of which judicial notice may be taken. *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) ("The practice of taking judicial

---

*Law Dictionary* (11th ed. 2019).

3

notice of public documents is not new.").

Here, the district court correctly concluded that Magassouba failed to state a constitutional tort claim against the defendants. A litigant generally has no constitutional right to counsel in civil cases. *Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 453 (2d Cir. 2013). And Magassouba has not plausibly alleged that his attorneys were acting "under color of state law," as is required to state a claim under § 1983. *See Milan v. Wertheimer*, 808 F.3d 961, 964 (2d Cir. 2015). Thus, the district court properly dismissed the § 1983 claim.

The district court also correctly concluded that Magassouba's legal malpractice claim was barred by *res judicata*, because it had been raised and resolved in the 2018 action. We review without deference a district court's application of *res judicata*. *O'Connor v. Pierson*, 568 F.3d 64, 69 (2d Cir. 2009). When considering the preclusive effect of a state court judgment in a subsequent federal lawsuit, we look to the preclusion law of the state in which the earlier judgment was rendered. *Marrese v. Am. Acad. Of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985). "Under New York law, a 'final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Giannone v. York Tape & Label, Inc.*, 548

4

F.3d 191, 193 (2d Cir. 2008) (quoting *Maharaj v. Bankamerica Corp.*, 128 F.3d 94, 97 (2d Cir. 1997)); *see also Josey v. Goord*, 9 N.Y.3d 386, 389 (2007) (*res judicata* applies "where a judgment on the merits exists from a prior action between the same parties involving the same subject matter" (citation and internal quotation marks omitted)).

To determine whether the previous action involved a final judgment on the merits, we look to "the state court's opinion" and examine, inter alia, whether "the state court was aware of a procedural bar." *Fischer v. Smith*, 780 F.3d 556, 560 (2d Cir. 2015) (citation and internal quotation marks omitted). The New York County Supreme Court did not examine any procedural issue in its 2018 opinion. Instead, the 2018 opinion discussed—albeit briefly—the merits of Magassouba's claims, stating that there was a complete defense in the action for which he had retained legal services, meaning he could not establish a legal malpractice claim. The Appellate Division, First Department, confirmed this analysis on appeal, focusing on the substance of the 2003 action to conclude that it was without merit. *See Magassouba v. Cascione, Purcigliotti & Galluzzi, P.C.*, 178 A.D.3d 509 (1st Dept 2019). Thus, the 2018 action led to a resolution of the merits of Magassouba's legal malpractice claim.

The remaining *res judicata* factors are easily met. The 2018 state court action involved the same parties—Magassouba as plaintiff, the law firm and the individual lawyers as defendants—as this 2020 federal lawsuit. And the current legal malpractice claim appears identical to the one raised in the 2018 action; at the very least, it arises out of the same "transaction," which under the law of New York would preclude relitigation. *See Giannone*, 548 F.3d at 194.

Magassouba responds that *res judicata* does not apply because the state court never adjudicated his § 1983 claim. But he concedes that the legal malpractice claim *was* adjudicated previously and, as discussed above, his § 1983 claim is meritless. Thus, the district court correctly concluded that the state legal malpractice claim was barred by *res judicata*, and Magassouba's arguments to the contrary are without merit.[2]

We have considered Magassouba's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] Because we affirm the district court's dismissal for the reasons set forth above, we need not consider the district court's alternative conclusion that the statute of limitations barred this action.